**ALLIED SHOE MACHINERY CORPORATION**

v.

**UNITED SHOE MACHINERY CORPORATION.**
Civ. A. No. 54–815.

United States District Court
D. Massachusetts.

May 11, 1956.

James M. Malloy, Morton Myerson, Malloy, Sullivan & Myerson, Boston, Mass., for plaintiff.

John L. Hall, Choate, Hall & Stewart, Boston, Mass., Conrad W. Oberdorfer, Boston, Mass., for defendant.

McCARTHY, District Judge.

The case is before the Court upon the defendant's objections to certain interrogatories propounded by the plaintiff. These interrogatories, for the purpose of objections, fall into two classes: 1. The defendant objects to those interrogatories propounded by the plaintiff which seek information about certain acts of the defendant which might have been restraints upon trade but which were directed at competitors of the defendant other than the plaintiff. The objection here is upon the grounds of relevancy and unreasonable burden. 2. The defendant objects to certain interrogatories which seek information concerning activities of the defendant during a period of time which does not fall within the period not barred by the Statute of Limitations. The objection here is based upon relevancy and unreasonable burden.

◼ It is the Court's ruling that the interrogatories seek information which is relevant and do not impose an unreasonable burden upon the defendant. The interrogatories directed toward acts of the defendant which might be restraints but which acts were directed against competitors of the defendant other than the plaintiff seek information relevant to the case since notice by the defendant to a shoe manufacturer that the manufacturer could not use the machines made by a competitor other than the plaintiff is notice to that manufacturer that he cannot use machines of the same nature made by the plaintiff.

◼ The interrogatories seeking information as to acts of the defendant before the period not barred by the Statute of Limitations seek relevant information since restrictive activities before the bar of the statute may very well be shown to have had restrictive effects during the period not barred.

Also, the patents and leases invoked before the bar of the statute persumably ran into the period not barred and any restrictive effects resulting from the invocation would continue to endure during the life of the patent or lease.

■ The interrogatory numbered 5 to which the defendant objects seeks relevant information in that evidence that the defendant kept track of all of its competitors' machines in use by shoe manufacturers, coupled with evidence that the defendant did acts tending to restrain trade as a result of the information contained in lists of machines in use by manufacturers, would be admissible in the plaintiff's case.