Frank SOLINSKI, Plaintiff,

v.

GENERAL ELECTRIC COMPANY, Defendant.

Civ. No. 855-56.

United States District Court
D. New Jersey.

March 26, 1957.

Louis Kraemer, Newark, N. J., for plaintiff.

Toner, Crowley, Woelper & Vanderbilt, Newark, N. J., Simpson, Thacher & Bartlett, New York City, of counsel, for defendant.

MEANEY, District Judge.

This is an action for treble damages brought by Frank Solinski against General Electric Company for alleged violations of the so-called antitrust laws, under section 4 of the Clayton Act, 15 U.S.C.A. § 15. The question to be determined at this juncture is whether the action is barred by the statute of limitations applicable to the facts of the case.

It may clarify matters somewhat if a partial calendar of events be set up.

1. The claim for damages accrued in October, 1940.

2. The United States started suit against the defendant for violations of the Clayton Act on January 27, 1941.

3. There was a final judgment in favor of the United States against General Electric Company on December 6, 1953.

4. The plaintiff in the instant suit commenced his action against the defendant on October 26, 1956.

Originally the Clayton Act inferentially provided that the statute of limitations obtaining in the state in which the action was initiated should apply to any case brought under the said Act.[1] In New Jersey the statute is six years, N.J.S.A. 2A:14–1. The Act provided, however, that the running of the statute of limitations in respect of all private rights of action should be suspended during the pendency of any suit or proceeding, whether civil or criminal, brought by the United States for violation thereof. 15 U.S.C.A. §. 16, October 15, 1914. This section of the Act was amended July 7,

1. Originally the Clayton Act was silent as to the length of the statute of limitations. The cases interpreting section 4 of the Act hold that the statute of limitations obtaining in the state in which the action was initiated applied to any case brought under the Anti-Trust Act as enacted. Winkler-Koch Engineering Co. v. Universal Oil Products Co. (Delaware) D.C., 79 F.Supp. 1013, Bascom Launder Corp. v. Farny, D.C., 10 F.R.D. 421, both of which cite Chattanooga Foundry & Pipe Works v. Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241, though this latter case bore on violation of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, rather than the Clayton Act.

1955, continuing the suspension of the statute during the pendency of the Government's proceeding *and for one year thereafter*, with the proviso that the action must have been brought during the period of suspension *or within four years after the cause of action accrued*, else it would be barred forever. 15 U.S. C.A. § 16(b). (Emphasis supplied.)

In the case of Bascom Launder Corp. v. Farny, D.C., 10 F.R.D. 421, Electric Theatre Co. v. Twentieth Century-Fox F. Corp., D.C., 113 F.Supp. 937, loc. cit. 944, and Leonia Amusement Corp. v. Loew's, Inc., D.C., 117 F.Supp. 747, all decided before the 1955 amendment to the Clayton Act, it was held that the statute of limitations was tolled by the provisions of the Clayton Act then prevailing and before the amendment above referred to, and that the total elapsed time was to be computed by deducting from the number of years since the accrual of the action to the time of beginning the suit, the time during which the Government's suit was pending.

The instant situation is complicated by the fact that after the determination of the Government's suit and before the institution of this suit, section 16 of the Clayton Act was amended as hereinbefore indicated.

What is now to be passed on is whether the amendment alters the situation to the extent that the suit must be brought within one year after the conclusion of the Government's suit against General Electric Company (more than four years having elapsed since the date of accrual of the plaintiff's right of action) or whether such part of the four-year period which had not elapsed at the time of commencement of the Government's suit was suspended by the federal statute of limitations, leaving the balance of the four years after the windup of the Government's suit as a period during which suit might be brought, and not the one year mentioned in the statute before the proviso in section 16(b).

The 1942 Act and its 1945 amendment, providing for wartime suspension of limitations, Act Oct. 10, 1942, c. 589, 56 Stat. 781, as amended June 30, 1945, c. 213, 59 Stat. 306, 15 U.S.C.A. § 16 note, have no bearing on the question at issue.

■ While there may be seeming inconsistencies in the conclusions arrived at by this court, the legislative history of the amendment sheds much light on the purpose and effect of the amendment. There is no question that the tolling of the statute of limitations, whatever be its extent, is continued during the pendency of any action brought by the Government concerning the same subject matter as that which is the basis of a private action. But the Congress, while recognizing the desirability of such temporary defeasance of limitation, was concerned about any undue prolongation of proceedings and therefore decided to establish a uniform statute of limitations arriving at an average of all state periods, or four years. But the law-making body did not rest there. Having in mind the shortening of the time over which private treble damage actions might extend, it unequivocally required that such actions be brought within four years after their accrual or within one year after the Government's case has been concluded. Anomalous situations may be created by such a construction of the law, but it is the opinion of this court that Congress felt sufficient protection would be given to a potential litigant by the establishment of a four-year period, after accrual of a right of action, during which an action must be brought, with the additional safeguard that if before the expiration of that time a suit were begun by the Government, the private plaintiff would have such further time as the Government might take before conclusion of its case, plus one year, for the preparation and filing of such litigant's case.

■ From the legislative history and the express wording of the statute, it would seem clear that Congress intended to establish a uniform statute of limitations, Carter v. Atlanta Enterprises, Inc., D.C., 19 F.R.D. 362, and cases cited at page 364, decided March 24, 1956, and a new method of calculation in its working.

■ There remains the final question of whether the new rule applies to the case at bar. It is well settled that Congress "may prescribe a limitation for the bringing of suits where none previously existed, as well as shorten the time within which suits to enforce existing causes of action may be commenced, provided, in each case, a reasonable time, taking all the circumstances into consideration, be given by the new law for the commencement of suit before the bar takes effect." Wheeler v. Jackson, 137 U.S. 245, 11 S.Ct. 76, 78, 34 L.Ed. 659. The amendment establishing the new limitation in the Clayton Act, passed July 7, 1955, was not to become effective until six months after its enactment. This left ample time for the plaintiff in the case at bar for the institution of suit. Suit was not begun until October 26, 1956, many months after the date upon which the amendment under discussion became effective.

■ Under all the circumstances obtaining, the plaintiff's action against the General Electric Company is barred by the statute of limitations, and the defendant's motion for summary judgment is granted.

This opinion may serve as findings of fact and conclusions of law.

Let an order be submitted.