M. Robert **GOODFRIEND** and J. S. Levinson, Plaintiffs,

v.

The **KANSAS CITY STAR COMPANY**, a corporation, and Emil A. Sees, Defendants.

No. 11303.

United States District Court
W. D. Missouri, W. D.

Jan. 17, 1958.

**532**

Beagle & Benjamin, Kansas City, Mo., for plaintiffs.

Watson, Ess, Marshall & Enggas, Kansas City, Mo., for defendants.

DUNCAN, Chief Judge.

On September 24, 1957, plaintiffs instituted this suit under the provisions of § 15 Title 15 U.S.C.A. to recover damages for monopolizing and attempting to monopolize the dissemination of news and advertising in the Kansas City area. Defendants have filed motion to dismiss on the sole ground that the action is barred by the statute of limitations, § 15b Title 15 U.S.C.A.

The factual situation here presents a new question under the Federal Statute of Limitations. Plaintiffs allege that prior to January 7, 1948, they were engaged in the publication of a small magazine devoted to the interests of high school and college youth, and that because of the illegal acts of the defendants, as alleged in their complaint, they were, on January 7, 1948, compelled to sell their publication at a substantial loss.

Whatever cause of action the plaintiffs may have had against the defendants accrued not later than January 7, 1948.[1]

In the absence of a Federal statute, Missouri's five-year statute of limitations, V.A.M.S. § 516.120, applied.

On January 6, 1953, the United States filed two suits against the defendants, one criminal and one civil, charging them with the same violations of the antitrust laws as plaintiffs have charged in their complaint. Except for the intervening influence of these suits, plaintiffs' cause of action would have been barred by the state statute of limitations on January 7, 1953. But the filing of such suits tolled the running of the statute. § 16, Title 15 U.S.C.A. provided:

"* * * each and every private right of action arising under said laws and based in whole or in part on any matter complained of in said suit or proceeding shall be suspended during the pendency thereof."

On July 7, 1955, while plaintiffs' cause of action was reposing in suspension as

---

| 1. | Time Table of Events |
|---|---|
| December 24, 1945— | Plaintiffs formed partnership to publish Prom Magazine. |
| March, 1946— | Plaintiffs published first issue of Prom Magazine. |
| January 7, 1948— | Plaintiffs sold their business in Prom Magazine to third parties. |
| January 6, 1953— | United States instituted civil and criminal suits against the defendants. |
| July 7, 1955— | Congress enacted uniform federal four-year statute of limitations. |
| January 7, 1956— | Federal four-year statute of limitations effective. |
| June 17, 1957— | United States criminal suit against defendants terminated. |
| September 24, 1957— | Plaintiffs instituted suit against defendants. |
| November 15, 1957— | United States civil suit against defendants terminated. |

a result of the tolling effect of the Government suits, Congress amended the Clayton Act, and the Federal law for the first time, provided a period of limitation. In fact, two periods of limitation, one limiting the tolling period after the final judgment in a Government case to one year, and the other a universal statute of limitations of four years. The amendment, although approved on July 7, 1955, did not become effective until six months thereafter. 69 Stat. 282.

The Clayton Act, as amended [Title 15 U.S.C.A.], provides:

"§ 15b.  *Limitation of actions*

"Any action to enforce any cause of action under sections 15 or 15a of this title shall be forever barred unless commenced within four years after the cause of action accrued. No cause of action barred under existing law on the effective date of this section and sections 15a and 16 of this title shall be revived by said sections."

"§ 16.  *Judgment in favor of Government as evidence; suspension of limitations*

"(a) A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws or by the United States under section 15a of this title, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: *Provided,* That this section shall not apply to consent judgments or decrees entered before any testimony has been taken or to judgments or decrees entered in actions under section 15a of this title.

"(b) Whenever any civil or criminal proceeding is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, but not including an action under section 15a of this title, the running of the statute of limitations in respect of every private right of action arising under said laws and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof and for one year thereafter: *Provided, however,* That whenever the running of the statute of limitations in respect of a cause of action arising under section 15 of this title is suspended hereunder, any action to enforce such cause of action shall be forever barred unless commenced either within the period of suspension or within four years after the cause of action accrued."

It is the defendants' contention that because plaintiffs' cause of action accrued more than four years before suit was filed, and also since plaintiffs' complaint had not been filed during the period July 7, 1955, to January 7, 1956, it was barred by the four year provision of § 15b, supra; that the intent of the Act was to bar all actions regardless of the law of the forum, or the tolling provisions of the section, after four years from the date the action accrued; and that the limitation applies retroactively to all actions regardless of when they accrued, and irrespective of the effect of the tolling provisions of § 16 [either before or subsequent to its amendment] upon the local statutes of limitations.

The defendants have cited numerous cases in support of their contentions, yet none are applicable for the determination of the question here presented. Moreover, the factual situation of the cited cases decided since the newly enacted Statutes of Limitations are wholly dissimilar to the present case.

In Cardinal Films Inc., v. Republic Pictures Corp., D.C.S.D.N.Y.1957, 148 F. Supp. 156, 159, the court, after deciding for the defendant on the merits, stated that the statute of limitations affecting plaintiff's cause of action had not been

tolled since his complaint was not "based in whole or in part on any matter complained of" in a prior Government suit. Hence, so much of the plaintiff's claim accruing more than four years before the filing of the complaint, was barred.

In Solinski v. General Electric Co., D.C.N.J.1957, 149 F.Supp. 784, the plaintiff's cause of action accrued in October, 1940; the Government instituted its action against the defendant on January 27, 1941, tolling the statute of limitations until its termination on December 6, 1953; plaintiff instituted his action on October 25, 1956. The plaintiff's action was barred by limitations since he filed his complaint more than four years after his cause of action accrued, and more than one year after the termination of the Government suit.

Before the amendment of § 15, *and the inclusion of the limitation provision,* there was great confusion in the application of the various state statutes of limitations. There likewise was a wide variation in the periods of limitation, ranging from 1 to 20 years. This condition created a state of uncertainty as to the time when defendants might be subject to suits for violation of the antitrust laws. To remedy this situation, the Congress fixed a universal statutory period of four years, which, apparently, was a general average of the states' statutes of limitations. See Vol. 2 U.S.Code Cong. & Adm. News 1955, p. 2328 et seq.

Despite the effort of Congress to eliminate the confusion occasioned by the various and varying periods of limitation within which private antitrust actions could be brought, there is difference of opinion among lawyers as to the meaning of the congressional act. A reading of the congressional history also reveals some conflicting statements as to its meaning.

The Act [§ 16(b)] provides that whenever the running of the statute of limitations in respect of a cause of action arising under § 15 of this title is suspended hereunder, "any action to enforce such cause of action shall be forever barred unless commenced either within the period of suspension or within four years after the cause of action accrued."

If the Act had said "if brought within the period of suspension, or one year thereafter, *and* within four years of the time of accrual", its application would be simple, and plaintiffs' cause of action would be barred, but the Act uses the disjunctive *"or"* which indicates an alternative - - - one or the other.

Defendants urgently insist that after the Federal Act was passed on July 7, 1955, the plaintiffs were required to bring their action within the grace period before the Act took effect on January 7, 1956. To sustain their contention, they cite § 4 of the Act [69 Stat. 282], 15 U.S.C.A. § 15b note which provided that the Act should not become effective until six months after its enactment; and the report of the Committee of the Senate explaining the purposes of the Act. 2 U.S.Code Cong. & Adm. News, 1955, supra.

The report stated:

"Section 4 of the bill provides that the effective date of the proposed legislation shall take effect 6 months after its enactment. This will give plaintiffs, whose actions have accrued more than 4 years prior to enactment of this legislation, but who are not yet barred from suing under local statutes of limitation, half a year's grace within which to commence their suits."

This language, considered alone, would be quite persuasive of the soundness of defendants' position if we do not read in connection therewith, the language used in explanation of § 2 of the Act. (Hereafter quoted.)

Before the original Act was amended, there was no period of limitation upon the time after the entry of judgment in an action by the Government, during which a private cause of action should be brought, so long as it was within the period provided by the state statute. It merely provided for the tolling of the statute. The period during which the statute was tolled could be added to the period of limitation.

Assume, for example, a six-year statute of limitations, of which one year had elapsed before a Government suit was commenced. Assuming further, that the Government action was terminated after two years, during which the statute of limitations was tolled, the plaintiff was entitled to bring his action any time within five years after the termination of the Government suit. This would be giving full credit for the entire period of limitations, plus the period the statute was tolled, or a total of eight years during which the plaintiff could assert his claim. Under the newly enacted Federal statute of limitations, it would have been incumbent upon the plaintiff, in our example, to have instituted his action within one year after the termination of the Government action to bring him within the period of limitations prescribed in § 15b or 16(b) Title 15 U.S.C.A.

Apparently, it was this abuse which the Congress sought to remedy, but in doing so, it was very careful to retain the tolling effect of the Government's suit on existing causes of action. It simply limited the suspension period during which an action might be brought, if such cause of action had existed for a greater period than 4 years. In explanation for the reasons for § 2, the report stated:

"Section 2 of the bill would also amend Section 5(b) of the Clayton Act to provide that the running of the statute of limitations (contained in proposed section 4B) shall, as to private rights of action under the anti-trust laws, be suspended during the pendency of any civil or criminal antitrust proceeding instituted by the United States (with the exception of proceedings under proposed section 4A) and for 1 year thereafter, provided that any such cause of action shall be barred unless commenced either within the period of suspension or within 4 years of the time that it accrued."

In a general discussion of the purposes of the Act, and after discussing some specific applications of the various state statutes of limitations, the Committee report used this language:

"It can therefore be seen that not only are the provisions of State law establishing time limitations upon actions to recover a statutory liability inconclusive insofar as ascertaining the correct period in which to bring suit is concerned, but they frequently create the additional problem of determining whether the statutory liability imposed under the antitrust laws is in the nature of a penalty or forfeiture, or otherwise.

"It is one of the primary purposes of this bill to put an end to the confusion and discrimination present under existing law where local statutes of limitations are made applicable to rights granted under our Federal laws. This will be accomplished by establishing a uniform statute of limitations applicable to all private treble damage actions as well as Government damage actions, of 4 years."

The Committee further stated:

"There are many instances where the statute of limitations as to a private cause of action may nearly have expired before suit is instituted by the Government under the antitrust laws. Although the statute is tolled during the pendency of the proceedings brought by the United States, the plaintiff in a treble-damage action may find himself hard pressed to reap the benefits of the Government suit if, upon its conclusion, he has but a short time remaining to study the Government's case, estimate his own damages, assess the strength and validity of his suit, and prepare and file his complaint. To alleviate such difficulties, the present bill would extend the tolling period not only for the duration of the Government's antitrust suit, but for 1 year thereafter. This would guarantee all plaintiffs an adequate period in which to take advantage of Government antitrust proceedings.

"While the committee believes it important to safeguard the rights of plaintiffs by tolling the statute during the pendency of Government antitrust actions, it recognizes that in many instances the long duration of such proceedings taken in conjunction with a lengthy statute of limitations may tend to prolong stale claims, unduly impair efficient business operations, and overburden the calendars of courts. The committee believes the provision of this bill will tend to shorten the period over which private treble-damage actions will extend by requiring that the plaintiff bring his suit within 4 years after it accrued or within 1 year after the Government's case has been concluded.

"While the committee considers it highly desirable to toll the statute of limitations during a Government antitrust action and to grant plaintiff a reasonable time thereafter in which to bring suit, it does not believe that the undue prolongation of proceedings is conducive to effective and efficient enforcement of the antitrust laws. The present bill would assure all plaintiffs of at least 4 years from the time their cause of action accrued in which to institute suit. It would also guarantee every plaintiff at least a year from the close of a Government antitrust suit to prepare his case and file his complaint. But in cases where the plaintiff's action had been suspended by the pendency of a Government antitrust proceeding, he would be required to bring his action either (a) within the suspension period, i. e., within 1 year after the Government suit had terminated, or (b) within 4 years after his cause of action accrued."

If the Government suits had not been filed on January 6, 1953, plaintiffs' cause of action would have been barred after the following day. The Federal statute was not enacted until 2½ years after the cause of action would have been barred under the local law, except for the tolling of that statute by the action of the Government. It was another 6 months before it became effective. The report of the committee says that the purpose of the grace period was to give "plaintiffs, whose actions have accrued more than 4 years prior to enactment of this legislation, but who are not yet barred from suing under local statutes of limitation, half a year's grace within which to commence their suits."

At the time the Act was passed, and the grace period began, plaintiffs' cause of action was 7½ years old. Unless the statute had been tolled, it could not have been brought within the grace period, but the statute was tolled, and the cause of action survived for the period of suspension.

The plaintiffs, having commenced their action on September 24, 1957, were well within the period of suspension, since the Government action did not terminate until the entry of the consent decree in the civil action, on November 15, 1957.

It is my opinion that, considering the language of the Act itself, and the legislative history, it was the intent of Congress that once the statute of limitations had been tolled by the bringing of a Government suit, the right to bring the action was preserved for the period of suspension, which was during the pendency of the Government suit, and for one year thereafter, whatever may have been the date when the cause of action arose, so long as it had not been barred by the statute of limitations, or was tolled.

Therefore, it is my conclusion that plaintiffs' action having been commenced during the period of suspension, was timely brought, and that the Motion to Dismiss should be, and is hereby, overruled.