Lyndon H. LA ROUCHE, a/k/a L. H. La Rouche, Plaintiff,

v.

UNITED SHOE MACHINERY CORPO-RATION, Defendant.

Civ. A. No. 57–392.

United States District Court
D. Massachusetts.

Jan. 30, 1958.

Joseph A. Todisco, Boston, Mass., Edward J. Dressler, Belmont, Mass., for plaintiff.

Choate, Hall & Stewart, John L. Hall, John B. Reigeluth, Conrad W. Oberdorfer and Jeptha H. Wade, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

There is before the court the defendant's motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The basis of the motion is that the action is barred by the Statute of Limitations, 15 U.S.C.A. § 15b, and also that the plaintiff has failed to allege any unlawful acts on the part of the defendant which were in furtherance of the defendant's alleged monopoly and which injured the plaintiff.

The original complaint made allegations to the effect that the plaintiff was

a competitor of the defendant and that he was damaged by the defendant's alleged monopoly. However, upon motion duly filed by the defendant, the plaintiff was compelled to set up a more definite statement and, in that statement, he alleges that he had been engaged in the development, design, manufacturing and marketing of shoe machinery, in which business he was in direct competition with the defendant, from 1938 to 1946. After 1946, the plaintiff limited his activities to the business of "research of shoe machinery and shoe manufacturing, which embodies technical analysis of all types of shoe machinery, shoe materials, shoe designs, shoe processes and construction of shoes." The plaintiff publishes the results of this research in bulletin form, in correspondence with his clients, and in trade magazines. In addition to the above, the plaintiff also acted as a consultant to shoe manufacturers, shoe machinery manufacturers, and engineering firms. Thus, it can be seen that the plaintiff was in open competition with the defendant and vice versa up to 1946, but that direct competition ceased at that time.

■ Section 15b of Title 15 provides for a four-year Statute of Limitations for any suit brought to enforce a cause of action under Section 15. This complaint was filed on April 18, 1957 and cannot, therefore, support a recovery based on any cause of action which arose prior to April 18, 1953. With respect to the plaintiff's activities in the manufacturing and marketing of shoe machinery, it is apparent that the defendants could not have invaded his interest after 1946. Clearly, then, any cause of action which the plaintiff may have as a result of alleged unlawful acts of the defendant during the period 1938–1946, arose prior to April 18, 1953 and are consequently barred by the Statute of Limitations.

■ It might be argued that the Statute of Limitations was tolled by Section 16(b) of Title 15. This contention is entirely without merit, since the government's case against this defendant, United States v. United Shoe Machinery Corp., 110 F.Supp. 295, affirmed 347 U.S. 521, 74 S.Ct. 699, 98 L.Ed. 910, was terminated at the latest on June 23, 1954, and this action was not begun until well over a year later.

■■ As to the period subsequent to 1946, I find and rule that the complaint does not state a cause of action under the anti-trust laws. It is a fundamental requirement of any claim brought pursuant to § 15 of Title 15 that the plaintiff be in an actual going business and that the injury be a direct, not incidental, result of the defendant's unlawful acts. Peller v. International Boxing Club, Inc., 7 Cir., 227 F.2d 593; Image and Sound Service Corp. v. Altec Service Corp., D. C., 148 F.Supp. 237; Conference of Studio Unions v. Loew's, Inc., 9 Cir., 193 F.2d 51. Since the plaintiff's business now involves only the sale of information, he could not possibly have been *directly* injured by the defendant's alleged monopolization in the manufacture of shoe machinery.

■ In addition, the complaint does not set forth any unlawful acts of the defendant. The plaintiff alleges that the defendant violated the anti-trust laws in that it refused to furnish the plaintiff with its price lists, that it insisted on dealing with its customers directly rather than through the plaintiff, and by its attitude toward the plaintiff. None of these acts appear to be illegal under the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note. Denial of a generally available price list is not an unlawful means of monopolization, and there is no language in the Sherman Act which prohibits a manufacturer from dealing directly with a customer, while no law has been devised yet which subjects a corporation to damages for its attitude toward a particular person.

From the foregoing I find and rule that the motion for judgment on the pleadings must be allowed.