**INTERNATIONAL SHOE MACHINERY
CORPORATION**

v.

**UNITED SHOE MACHINERY
CORPORATION.**

Civ. A. No. 56–1083.

United States District Court
D. Massachusetts.

June 5, 1958.

Malloy, Sullivan & Myerson, Boston,. Mass., Ernest O. Seyfarth, West Newton, Mass., Richard F. Walker, Boston,. Mass., for plaintiff.

Choate, Hall & Stewart, John L. Hall,. John B. Reigeluth, Conrad W. Oberdorfer, Jeptha H. Wade and H. L. Kirkpatrick, Boston, Mass., W. R. Hulbert, Boston, Mass., for defendant.

McCARTHY, District Judge.

This is another treble damage action (U.S.C.A. Title 15, § 15) arising out of

United States v. United Shoe Machinery Corporation, D.C.Mass.1953, 110 F.Supp. 295. The plaintiff has propounded interrogatories to which the defendant filed objections.

After hearing and consideration of briefs it is the opinion of the Court that the objections must be overruled and the interrogatories answered by the defendant. It should be noted that at the time of hearing the counsel for the defendant waived any objection sounding in undue burden because of the open and obvious fact that the information sought by the plaintiff has been prepared by the defendant previously as the result of the discovery in earlier cases. The defendant wished to narrow the issues to be presented at trial but because of what is hereinafter said this desire cannot be granted.

The defendant objects that the plaintiff should not be allowed to inquire concerning:

    1. shoe machinery types not distributed by plaintiff;

    2. shoe factory supplies not distributed by plaintiff;

    3. shoe machinery types distributed by defendant during a time when plaintiff did not distribute the same types;

    4. activities of the defendant predating December 14, 1952.

■ Objections 1, 2 and 3 must be overruled for several differing reasons. The Court is persuaded by the argument of plaintiff that to adopt the defendant's theory would be to deny discovery to plaintiffs who sue totally successful monopolists. The defendant would have the Court invoke a rule that discovery should be limited to areas in which the plaintiff was actually in competition with the defendant. This ignores the finding of United States v. United Shoe Machinery Corporation, supra, that the monopolistic practices of the present defendant had an adverse effect upon potential as well as actual competition. The defendant would also have the Court contravene the accepted principles of the discovery

procedures under the Federal Rules of Civil Procedure, 28 U.S.C.A., and would ask the Court to limit discovery to matters admissible at trial. The Court is unwilling to so limit pre-trial discovery. The cases relied upon by the defendant in support of these objections are not rulings upon discovery but rather rulings upon the merits of cases at trial.

In an analogous situation the Court has ruled in Allied Shoe Machinery Corporation v. United Shoe Machinery Corporation, D.C., 19 F.R.D. 181, that restrictive practices on the part of the defendant directed toward competitors other than the then plaintiff were properly subject to discovery by the then plaintiff. The same theory is applicable here. In Allied notice to the trade that it was restricted from using machinery manufactured by competitors of United other than Allied was proper subject for discovery, so here, restrictive activities by United in fields in which the plaintiff was not in actual competition might very well be shown at trial to have been notice to the plaintiff to stay out of such fields.

I come now to Objection numbered four. This raises a problem of some difficulty requiring the reconciliation of cases apparently contrary to my present conclusion.

■ Before the Act of July 7, 1955, effective January 7, 1956 (69 Stat. 282), the state statute of limitations applied to treble damage actions brought under the anti-trust laws. However, these state statutes of limitation were suspended by Section 16 of Title 15 of the United States Code Annotated and by the wartime suspension act of October 10, 1942 (56 Stat. 781), as amended June 30, 1945 (59 Stat. 306), 15 U.S.C.A. § 16 note. Before the Act of July 7, 1955, a treble damage action's time span was determined by running the state statute of limitation backward from the date of filing of the suit to the date of the final judgment of a government action, suspending the running during the pendency of this suit, running the period of the statute of limitation back further to the

date of the war-time suspension, suspending the running of the statute during this suspension and finally running the statute of limitation back to its expiration by consumption of time. This method of computation was accepted and applied wherever applicable.

The Act of July 7, 1955, worked two changes in the law. First, a Federal statute of limitations of four years was adopted, 15 U.S.C.A. § 15b. Second, the period of suspension during the pendency of a government action was extended for an additional year following the termination of the government action. Following the amendment to Section 16 of Title 15 the following proviso was added: "* * * whenever * * * the running of the statute of limitations in respect of a cause of action arising under section 15 of this title is suspended hereunder, any action to enforce such cause of action shall be forever barred unless commenced either within the period of suspension or within four years after the cause of action accrued." This proviso gives rise to the present difficulties. The defendant contends that the proviso means that the present action had to be brought within the period of suspension and if not so brought, within four years of the accrual of the cause of action. In other words, the defendant maintains that the proviso wiped out the accepted prior method of tacking the period of the statute of limitations to the suspensions and running the time in that manner. The plaintiff contends alternatively that the amendments should have only prospective effect and if the act does have retrospective effect that the amendments and more particularly the proviso do not wipe out what I choose to call the tacking of the statute of limitations to the periods of suspension. Since the Congress is charged with knowledge of the interpretations and applications of the statutes by the Courts and since the Congress did not choose to expressly reject the theory of tacking, I must adopt the contentions of the plaintiff. I do not find it necessary to determine at this time whether the amendments have retrospective effect by way of adding a year to the period of suspension during the pendency of the government suit which predated the amendments. I will reserve this point for further argument and briefing at the time of commencement of trial. Discovery in actions such as this is not limited precisely to the period of the statute of limitations. I prefer to give the defendant opportunity to submit authorities upon the point. The defendant's present brief does not argue the matter.

The defendant relies upon two cases as authority for its argument. Solinski v. General Electric, D.C.N.J., 149 F.Supp. 784; LaRouche v. United Shoe Machinery Corporation, D.C.Mass., 166 F.Supp. 633. In Solinski the Court rejected the tacking theory and found Congressional intent to change the law in this respect by the amendment of July 7, 1955. No authority from the cases or from legislation or legislative history was cited by the Court for this proposition. I cannot accept this decision as binding upon me. In LaRouche it was found that LaRouche was not a competitor of United and was not directly injured by United's monopolization. A statement appears to the effect that LaRouche's action was not brought within one year of the termination of the government suit and was barred. It is apparent that that opinion would not allow the method of calculation of the running of the statute of limitations applied before the amendments of July 7, 1955, to be used after the amendments. While I am aware that it is the practice in this District to follow precedents established by a brother sitting on the same bench, I believe that this should be limited in situations where the following of the precedent is determinative of the action and review is available. I do not believe that it should be followed in situations such as this where the ruling is only upon discovery matters and is not dispositive of the case.

In Goodfriend v. Kansas City Star Co., D.C.W.D.Mo., 158 F.Supp. 531, decided by Chief Judge Duncan, there is a com-

prehensive review of the amendments of July 7, 1955, of their effect upon the pre-existing law and of the legislative history. I am in accord with his views insofar as he determines that the method of calculation used before the amendments was not wiped out by the amendments.

■ It remains to determine the time limit to be applied to plaintiff's discovery. The interrogatories filed cover activities of the defendant back to 1938 which is the year of the beginning of the plaintiff's corporate existence. Since the statute of limitations extends to 1942 or 1941 discovery covering this period of time is not out of line with similar discovery allowed by me in suits by Allied Shoe Machinery Corporation and Compo Shoe Machinery Corporation against the same defendant.