**HERMAN SCHWABE, INC., Plaintiff,**

v.

**UNITED SHOE MACHINERY CORPORATION, Defendant.**

**Civ. No. 17660.**

United States District Court
E. D. New York.

April 24, 1959.

As Amended April 30, 1959.

Sigmund Moses, New York City, for plaintiff, James M. Malloy, Fort Tilden, N. Y., of counsel.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant, Louis Stanton, Jr., New York City, of counsel.

ZAVATT, District Judge.

This action, which is brought pursuant to section 4 of the Clayton Act, 15 U.S.C.A. § 15, was instituted on May 27, 1957. The plaintiff seeks treble damages for alleged injury to its business by reason of alleged violations by the defendant of section 2 of the Sherman Act, 15 U.S.C.A. § 2, claimed by the plaintiff to have begun some time prior to 1939, and to have continued up to the time of the filing of the complaint. The defendant's monopolization of the shoe machinery market was the subject of a civil antitrust action commenced by the government in December, 1947. It was there found that the defendant had acquired such power as to give it effective control of the shoe machinery market in violation of the Sherman Act, and a decree was entered to dissipate the effects of the defendant's monopolization. United States v. United Shoe Machinery Corp., D.C.D.Mass.1953, 110 F.Supp. 295. The government's suit may be said to have terminated no later than June, 1954, when the District Court of Massachusetts received the mandate of the Supreme Court affirming its decree. United Shoe Machinery Corp. v. United States, 1954, 347 U.S. 521, 74 S.Ct. 699, 98 L.Ed. 910.

The defendant now moves (1) for partial summary judgment dismissing so much of the claim as accrued before May 27, 1953, on the ground that the same is barred by the statute of limitations, 15 U.S.C.A. §§ 15b, 16(b); and (2) for summary judgment dismissing the complaint upon the merits. The plaintiff moves, pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order requiring the

defendant to produce a number of documents for inspection and copying by the plaintiff. The motions will be disposed of as follows:

(1) The defendant's motion for partial summary judgment will be granted. Title 15, United States Code Annotated, sections 15b and 16(b), enacted July 7. 1955, effective January 7, 1955, provide as follows:

"§ 15b.  Limitation of actions

"Any action to enforce any cause of action under sections 15 or 15a of this title shall be forever barred unless commenced within four years after the cause of action accrued. No cause of action barred under existing law on the effective date of this section and sections 15a and 16 of this title shall be revived by said sections."

"§ 16.  Judgment in favor of Government as evidence; suspension of limitations

\*   \*   \*   \*   \*   \*

"(b) Whenever any civil or criminal proceeding is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, but not including an action under section 15a of this title, the running of the statute of limitations in respect of every private right of action arising under said laws and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof and for one year thereafter: *Provided, however,* That whenever the running of the statute of limitations in respect of a cause of action arising under section 15 of this title is suspended hereunder, any action to enforce such cause of action shall be forever barred unless commenced either within the period of suspension or within four years after the cause of action accrued."

Upon the authority of Muskin Shoe Company v. United Shoe Machinery Corp., D.C.D.Md.1958, 167 F.Supp. 106; La Rouche v. United Shoe Machinery Corp., D.C.D.Mass.1958, 166 F.Supp. 633; and Solinski v. General Electric Co., D.C. D.N.J.1957, 149 F.Supp. 784, the court holds that any cause of action which the plaintiff asserts which accrued more than four years prior to May 27, 1957 is barred by the statute of limitations. Cf., contra, International Shoe Machinery Corp. v. United Shoe Machinery Corp., D.C.D.Mass.1958, 167 F.Supp. 93.

(2) The defendant's motion for summary judgment on the merits will be denied. In Van Brode Milling Co. v. Kravex Manufacturing Co., D.C., 21 F. R.D. 246, at page 249, this court had occasion to state the principle governing the determination of a motion of this nature:

"It requires no citation of authority for the general proposition that a motion for summary judgment may be granted only upon a showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In the absence of such a showing the motion shall be denied. Any reasonable doubt should be resolved against the movant.  [Citing cases.]"

The record upon which the defendant relies in support of its motion is fairly ponderous, and it would serve no useful purpose to elaborate the points upon which the defendant has failed to adequately demonstrate that no genuine issue as to a material fact exists. The pleadings, affidavits, depositions, exhibits and answers to interrogatories before the court create serious doubt that no issue as to material fact exists, and such doubt is resolved against the defendant.

(3) The plaintiff's motion for the production of documents for inspection and copying is granted as to the

documents referred to in items I through V, inclusive, of the notice of motion, with the exception of the following listed memoranda, as to which the defendant's claim of the attorney-client privilege is sustained:

| From | To | Date |
| --- | --- | --- |
| L. B. Walker | N. B. Todd | October 1, 1947 |
| L. B. Walker | N. B. Todd | September 17, 1947 |
| L. B. Walker | N. B. Todd | September 22, 1947 |
| L. B. Walker | N. B. Todd | September 30, 1947 |
| H. F. Patterson | L. B. Walker | July 23, 1948 |
| L. B. Walker | N. B. Todd | November 9, 1948 |
| L. B. Walker | N. B. Todd | October 22, 1948 |
| Memorandum designated "MFA–JR" | | March 10, 1949 |
| L. B. Walker | N. B. Todd | October 22, 1954 |
| Memorandum designated "Message from Reigeluth" | | November 18, · |
| L. B. Walker | N. B. Todd | March 17, 1955 |
| L. B. Walker | N. B. Todd | April 11, 1955 |
| Handwritten Memorandum referring to same matters as above | | April 18, 1955 |
| L. B. Walker | N. B. Todd | May 25, 1955 |
| Handwritten Memorandum referring to same matters as above | | Undated |
| L. B. Walker | N. B. Todd | May 31, 1955 |
| George Chamberlain | R. C. Marcy | July 29, 1955 |
| "R.D.S." (attached to above memorandum) | L. B. Walker | August 2, 1955 |
| L. B. Walker | N. B. Todd | February 14, 1957 |
| Handwritten Memorandum referring to same matter as above | | February 14, 1957 |
| Unknown | N. B. Todd and R. D. Salinger | March 22, 1957 |

Except as specifically sustained, the defendant's objections on the ground of privilege are disallowed. The motion for production is denied as to the documents referred to in item VI of the notice of motion.

Settle order on notice within 15 days.