**HERMAN SCHWABE, INC., Appellant,**

v.

**UNITED SHOE MACHINERY CORPORATION, Appellee.**

**No. 75, Docket 25746.**

United States Court of Appeals
Second Circuit.

Argued Nov. 12, 1959.

Decided Jan. 20, 1960.

James M. Malloy, Ralph Warren Sullivan, Morton Myerson, Boston, Mass., Sig-

mund Moses, New York City, Malloy, Sullivan & Myerson, Boston, Mass., of counsel, for appellant.

Ralph M. Carson, Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant-appellee.

Before LUMBARD, Chief Judge, and HAND and SWAN, Circuit Judges.

HAND, Circuit Judge.

This is an appeal under § 1292(b) from a "partial summary judgment" [23 F.R.D. 253] of the District Court for the Eastern District of New York, Zavatt, J. presiding, dismissing under Rule 56(b) so much of the plaintiff's claim as accrued before May 27, 1953. The complaint, filed May 27, 1957, was to recover treble damages for a violation of § 15 of Title 15 U.S.C.A. (the Clayton Act). It prayed for damages from 1939, resulting from the defendant's monopoly in the shoe machinery business, to which the defendant alleged as a partial defense that the plaintiff could in no event recover for damages occurring earlier than four years before the action was commenced. Judge Zavatt so held, on the

ground that the amendment of the Clayton Act of July 7, 1955—effective January 7, 1956—so provided.

Before that amendment it is agreed that the law of the state where the claim arose determined the limitation upon actions brought under § 15. Section 16 of the Act of 1914 (the Clayton Act), had provided that the pendency of a suit by the United States to enforce § 15 should suspend the "running of the statute of limitations in respect of each and every private right of action * * * during the pendency thereof," and § 16 (b) of the amendment of 1955 changed this provision by adding after the phrase "during the pendency thereof" the words, "and for one year thereafter." A proviso to § 16(b) declared that where the running of a statute against a private action had been so suspended the private action "shall be forever barred unless commenced either within the period of suspension or within four years after the cause of action accrued." The Act of 1955 was passed on July 7, 1955, but did not go into effect till January 7, 1956.*

---

* That the Act entitled "An Act to supplement existing laws against unlawful restraints and monopolies, and for other purposes," approved October 15, 1914 (38 Stat. 730), as amended, is amended by inserting at the end of section 4 the following new sections:

&ast; &ast; &ast; &ast; &ast;

"Sec. 4B. (§ 15b) Any action to enforce any cause of action under sections 4 or 4A shall be forever barred unless commenced within four years after the cause of action accrued. No cause of action barred under existing law on the effective date of this Act shall be revived by this Act."

Sec. 2. Section 5 of the Act entitled "An Act to supplement existing laws against unlawful restraints and monopolies, and for other purposes," approved October 15, 1914 (38 Stat. 731; 15 U.S. C.A. § 16), is amended to read as follows:

"Sec. 5. (a) (§ 16(a)) A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceed-

ing brought by any other party against such defendant under said laws or by the United States under section 4A, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: *Provided,* That this section shall not apply to consent judgments or decrees entered before any testimony has been taken or to judgments or decrees entered in actions under section 4A.

"(b) Whenever any civil or criminal proceeding is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, but not including an action under section 4A, the running of the statute of limitations in respect of every private right of action arising under said laws and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof and for one year thereafter: *Provided, however,* That whenever the running of the statute of limitations in respect of a cause of action arising under section 4 is suspended hereunder, any action to enforce such cause of action shall be forever barred unless commenced either within the period of suspension or with-

A suit by the United States upon the same "cause of action" as that at bar was pending between December 15, 1947 and June 23, 1954; and the plaintiff argues that the period of limitation of the action at bar is the period of pendency of the United States suit plus four years after it had ended. Furthermore, it argues that, since it brought suit on May 27, 1957 it was entitled to go back of the pendency of the United States suit for the difference between four years and the period between the end of the suspension,—June 23, 1954—and the filing of the action at bar, May 27, 1957. That difference was two years, eleven months and four days, leaving a period of one year and twenty-six days. The upshot of this according to the plaintiff is that it is entitled to recover for all damages suffered after November 18, 1946. (It claims an even longer period under the Acts of 1942 and 1945, but in the view we take it is not necessary to pass upon these claims.) The argument is that, since § 16 of the Act of 1914 gave it the entire period of suspension during the pendency of the United States suit (until June 23, 1954), plus the four years given by § 15b of the Act of 1955, the amendment of 1955 should not be construed retroactively to cut down any part of this aggregate period.

 It is true that a retroactive interpretation is not to be imputed to a statute unless such a purpose is clearly intended. Hassett v. Welch, 303 U.S. 303, 314, 58 S.Ct. 559, 82 L.Ed. 858; Claridge Apartments Co. v. Commissioner of Internal Revenue, 323 U.S. 141, 164, 65 S.Ct. 172, 89 L.Ed. 139; indeed, retroaction in some circumstances may even make an amendment unconstitutional unless some equivalent privilege is accorded. However, Congress did accord a sufficient substitute for shorten-

ing the pre-existing period by making the Act of 1955 go into effect six months after its passage. This gave to claimants, whose claims would otherwise have been barred, six months of grace within which to sue, and we can find no possible reason for such a delay unless § 16(b) was meant to compensate for the shortening of the suspension period. That this was in fact the purpose of the delay patently appears in both the House and Senate reports, to which it is proper to look in case of doubt. Wright v. Vinton Branch, 300 U.S. 440, 463, 464, 57 S.Ct. 556, 81 L.Ed. 736.

Solinski v. General Electric Co., D.C., 149 F.Supp. 784, 787; La Rouche v. United Shoe Machinery Corp., D.C., 166 F.Supp. 633; Muskin v. United Shoe Machinery Co., D.C., 167 F.Supp. 106, 110 have interpreted the statute the same way as we do, and although it is true that Judge McCarthy appears to have thought otherwise in International Shoe Machinery Co. v. United Shoe Machinery Corp., D.C., 167 F.Supp. 93, his conclusion was apparently tentative. Arguments drawn from the use of the future tense are of no moment when the overall meaning is so plain. In order to reverse the judgment we should be obliged to decide directly in the face of the proviso to § 16(b) of the amendment of 1955.

 It is not necessary to do more than allude to the plaintiff's further argument that, even though the amendment is retroactive, it should be read as intended to add four years to the existing period of suspension. This is certainly not true, for the proviso to § 16(b) is in the alternative: "*either* within the period of suspension *or* within four years after the cause of action accrued."

Judgment affirmed.

in four years after the cause of action accrued.

\* \* \* \* \*

"Sec. 4. This Act shall take effect six months after its enactment."