**UNITED SHOE MACHINERY CORP., Defendant, Appellant,**

v.

**INTERNATIONAL SHOE MACHINE CORP., Plaintiff, Appellee.**

**No. 5574.**

United States Court of Appeals
First Circuit.

Feb. 23, 1960.

See also D.C., 167 F.Supp. 93.

Robert Proctor, Boston, Mass., with whom John L. Hall, Jeptha H. Wade, Conrad W. Oberdorfer, and Choate, Hall & Stewart, Boston, Mass., were on brief, for appellant.

James M. Malloy, Boston, Mass., with whom Ralph Warren Sullivan, Morton Myerson, Boston, Mass., and Ernst O. Seyfarth, W. Newton, Mass. were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

The plaintiff below and appellee here filed a complaint in the court below on December 14, 1956, to recover treble damages under §§ 15 and 16 of Title 15 U.S.C.A., commonly known as the Clayton Act. It claimed damages from the time it was organized in 1938 resulting from the defendant's below and appellant's here alleged monopolization of the shoe machinery business. The defendant answered and relying upon the 1955 amendments of the Clayton Act, 69 Stat. 283, moved under Rule 56(b), 28 U.S. C.A., for partial summary judgment insofar as the plaintiff's complaint purported to assert any cause of action arising more than four years prior to the filing of the complaint, that is prior to December 14, 1952. The court below denied the motion and in its order of denial certified the question presented as appropriate for immediate appeal under § 1292(b). The defendant made timely

**460**

application to this court for an appeal and we granted the application.

As in Herman Schwabe, Inc., v. United Shoe Machinery Corporation, 274 F.2d 608, decided by the United States Court of Appeals for the Second Circuit on January 20, 1960, a suit by the United States upon the same "cause of action" as that in the case at bar was pending against the defendant between December 15, 1947, and June 23, 1954. Nor is there any other significant difference between the facts in this case and the facts in the Herman Schwabe, Inc., case in which the court considered and refuted the same arguments advanced by the plaintiff in the court below and again as the appellee on this appeal. We find nothing to add to the discussion of the Court of Appeals in that case. On the reasoning and statutory analysis of that opinion and on the cases cited therein:

Judgment will be entered setting aside the order of the District Court and remanding the case to that Court for further consistent proceedings.