Anna ZATKO, and Zatko Metal Products Co., Plaintiffs,

v.

ROGERS MANUFACTURING COMPANY, Inc., Defendant.

No. C 64–163.

United States District Court
N. D. Ohio, E. D.

Dec. 8, 1964.

Charles B. Gordon, Cleveland, Ohio, for plaintiffs.

Vern L. Oldham, Akron, Ohio, for defendant.

KALBFLEISCH, District Judge.

This is a patent infringement action in which plaintiffs allege that defendant infringed patent No. 2,493,053, "an invention in a method of making pulleys."

On June 22, 1964, plaintiffs propounded 75 interrogatories to which defendant answered in part and objected in part. Plaintiffs have replied to the objections and also have moved that defendant be ordered to give further answers to a certain portion of the interrogatories previously answered.

■ Defendant has objected to interrogatory 3 on the grounds that (1) it is irrelevant, (2) it is burdensome, and (3) it partially seeks information concerning defendant's activities during a period barred by the statute of limitations.

Interrogatory 3 is as follows:

"State whether defendant now designs, manufactures, assembles, sells, or distributes stamped one-piece sheet-metal pulleys, and if so, state the date of defendant's earliest activity in designing, manufacturing, assembling, selling, or distributing stamped one-piece sheet-metal pulleys, and state separately with respect to each stamped one-piece sheet-metal pulley product designed, manufactured, assembled, sold or distributed by defendant at any time from such date to the present:

"(a) The exact nature and description thereof.

"(b) The trade name by which it is known and its model number.

"(c) Exactly what defendant did in designing, manufacturing, assembling, selling, or distributing such product.

"(d) The use and application to which it is put.

"(e) The inclusive dates of the period of time during which defendant designed, manufactured, assembled, sold, or distributed such product."

Defendant's claim of irrelevancy is that:

"The patent in suit does not cover stamped, one-piece V-belt pulleys concerning which the interrogatory inquires, but is on a method of making such pulleys."

Examination of the interrogatory reveals that it may lead to the discovery of relevant evidence.

■■ Defendant's claim of burden is not accompanied by affidavits revealing the exact nature of the burden, and defendant's response to the interrogatory states in part:

"Since this first production defendants have made and sold many hundreds of different types of stamped one-piece sheet-metal pulleys in a variety of sizes, types and end uses. To fully list all of these different pulleys and the information requested with respect to each pulley would be * * * burdensome and lengthy and place * * * a hardship upon defendants * * *."

Defendant has not made a specific showing of the reasons why it is burdensome and thus does not meet the criterion found in 4 Moore's Federal Practice, 2nd Ed., page 2316, which states:

"A general objection that interrogatories are onerous and burdensome and require the party to make research and compile data raises no issue. The objection must make a specific showing of reasons why the interrogatory should not be answered."

See also Trabon Engineering Corp. v. Eaton Mfg. Co., N.D.Ohio, E.D. (1964), 37 F.R.D. 51, Kalbfleisch, J.

■ Defendant's final ground for objection relates to 35 U.S.C.A. § 286, which states in part:

"Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action."

Plaintiffs do not dispute that they seek information concerning defendant's activities which occurred prior to the six-year period; however, these activities may have an effect on the period not barred by the statute. See Allied Shoe Machinery Corp. v. United Shoe Machinery Corp., D.C., 19 F.R.D. 181 (1956); International Shoe Machinery Corp. v. United Shoe Machinery Corp., D.C., 167 F.Supp. 93 (1958).

The objection to interrogatory 3 will be overruled.

■ Defendant's objection to interrogatory 6 is that the information requested deals only with damages. It is stated in 4 Moore's Federal Practice, 2nd Ed., pages 1229–31, that generally a court will not permit interrogatories concerning damages until after it has been decided whether there is a right to an accounting, the reasons being that to answer may impose an unnecessary burden on the defendant and may result in unnecessary disclosure of business affairs to a competitor. The Court has commented upon this general rule in Harvey v. Levine, 25 F.R.D. 15, 16 (1960):

"Defendant objects to this interrogatory because it relates to damages and the 'usual procedure in patent cases is to defer consideration of damages until after the patent in suit has been held valid.'

"Defendant does not allege that the information requested would reveal matters of a confidential business nature to a competitor, or that the mere furnishing of information as to the number of gaskets sold over a certain period of time would be burdensome or oppressive. The authority cited by defendant relates to postponement of an accounting, which is apt to be far more time consuming than merely reporting numbers of units sold."

See also Trabon, supra. In the present case defendant has not alleged that the information requested would reveal matters of a confidential business nature or that furnishing the information would be burdensome or oppressive; therefore, the objection to interrogatory 6 will be overruled.

■ Defendant objects to the similar portions of interrogatories 7 and 8 which seek to discover the "percentage of the total voting stock of defendant owned or controlled" by officers and directors of defendant on the ground the percentage is irrelevant to the lawsuit. Plaintiffs argue that the information is "likely to be a most reliable guide to those individuals who have the fullest knowledge (or the fullest control of sources of knowledge) relating to the issues of this action." The Court cannot agree with plaintiffs and the objections to interrogatories 7 and 8 will be sustained.

■ One of defendant's grounds for objection to interrogatory 72 is that it is irrelevant to the issues, and further says "There is not one word in the patent in suit relative to the nature, type, or composition of the sheet metal operated upon by the method steps of the patent in suit." Plaintiffs do not dispute this allegation of defendant, but reply that they believe defendant did not employ "relatively inexpensive" sheet metal materials in the manufacture of pulleys until defendant made use of the patented invention; whereas prior to such use defendant had to employ relatively costly materials to manufacture pulleys of the same quality. Proof of this belief allegedly may have a "direct bearing on the obviousness and significance of plaintiffs' asserted invention." However,

proof of plaintiffs' belief would not have a direct bearing unless it is assumed that defendant's method of manufacture is identical to plaintiffs' method and further assumed the issue of infringement in plaintiffs' favor before it is tried. See Burndy Corp. v. Sealectro Corp., D. C., 214 F.Supp 581 (1962). The objection to interrogatory 72 will be sustained.

Plaintiffs have moved that defendant be ordered to supply further answers to a portion of the interrogatories previously answered. Defendant's answer to interrogatory 3 does not contain the information requested and full answers to all subparagraphs will be ordered.

■ Defendant did not object to interrogatory 4(e), (f) and (g) within ten days subsequent to service of the interrogatories as required by Rule 33, Federal Rules of Civil Procedure, and to now object in opposition to plaintiffs' motion is untimely. Defendant will be ordered to give full answers to interrogatory 4 (e), (f) and (g).

■ Defendant answered interrogatory 5 by stating, "Already answered above." Interrogatory 5 contains subparagraphs (a) through (m) dealing with whether defendant is a parent, subsidiary, or affiliate corporation of any other corporation. The four preceding interrogatories have not dealt with this subject and defendant will be ordered to give full answers to interrogatory 5 and all its subparagraphs.

Defendant has not described the documents as requested in interrogatory 26 and therefore will be ordered to give full answers to that interrogatory.

■ Defendant's answer to interrogatory 27 states: "This interrogatory is answered in the second separate defense of the answer as amended." The second defense sets forth various patents and publications on which defendant relies to prove anticipation and disclosure of the alleged inventions.

■ There is no inflexible rule regarding reference to a previous interrogatory in answer to another interrogatory, there being authority allowing and disallowing the reference, depending upon the circumstances. See Lowe v. Greyhound Corp., D.C., 25 F.Supp. 643 (1938); United States v. Watchmakers of Switzerland Information Center, Inc., 2 Fed.Rules Serv.2d 33.353, Case 3 (1959). In the present instance reference to the second defense in the answer as amended is sufficiently explicit, but the answer is not sworn to by defendant as is required in an answer to an interrogatory; therefore the reference is not proper and defendant will be ordered to give full answer to interrogatory 27, including description of any publications its representatives have seen which have not been set forth in the second defense.

■ Interrogatory 28 requests that defendant *describe* each document referring to, or relating in any way to, the design or manufacture by defendant of any stamped one-piece sheet-metal pulleys. The answer to this interrogatory states: "Defendant manufactures stamped one-piece sheet-metal pulleys in accordance with prints supplied by customers." Such an answer does not disclose whether documents exist, nor does it describe any documents that may exist, thus defendant will be ordered to give full answers to interrogatory 28.

■ Defendant has answered interrogatories 30 through 36, 38 and 39 in the identical manner by stating: "This is now answered in defendants [sic] answer as amended." All but two of the interrogatories concerned contain subparagraphs, one interrogatory containing subparagraphs (a) through (h). Interrogatories 30 through 36, 38 and 39 all seek elucidation of defendant's answer to the complaint; therefore they cannot be responded to by mere reference to the answer. Defendant will be ordered to give full answers to interrogatories 30 through 36, 38 and 39.