### HENRY v. SPEER.

(Circuit Court of Appeals, Fifth Circuit. January 7, 1913.)

No. 2,350.

1. JUDGES (§ 51*)—DISQUALIFICATION TO ACT—FEDERAL STATUTE.

Judicial Code, § 21 (Act March 3, 1911, c. 231, 36 Stat. 1090 [U. S. Comp. St. Supp. 1911, p. 134]), which went into effect January 1, 1912, providing that, on the filing of an affidavit by a party that the judge before whom the action is to be tried has a personal bias or prejudice either against him or in favor of any opposite party, another judge shall be designated to try the suit, is available to a party, even though the suit was commenced before the Code took effect.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 224-231; Dec. Dig. § 51.*]

2. JUDGES (§ 51*)—DISQUALIFICATION TO ACT—FEDERAL STATUTE—SUFFICIENCY OF AFFIDAVIT.

Such section expressly requires the affidavit to state that the judge has a "personal" bias or prejudice, and, unless it so charges, it is insufficient to warrant action thereon.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 224-231; Dec. Dig. § 51.*]

3. JUDGES (§ 51*)—DISQUALIFICATION TO ACT—FEDERAL STATUTE—DETERMINATION OF OBJECTIONS.

Upon the filing of an affidavit under such section, accompanied by the required certificate of counsel, it is the duty of the judge to pass on its legal sufficiency, and he need not determine on the facts his own disqualification.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 224-231; Dec. Dig. § 51.*]

Petition for Mandamus to the District Court of the United States for the Southern District of Georgia; Emory Speer, Judge.

In the matter of the petition of C. S. Henry for a writ of mandamus to Hon. Emory Speer, District Judge for the Southern District of Georgia, and to said District Court. Petition denied.

C. S. Henry petitions this court for a rule against Hon. Emory Speer, United States District Judge for the Southern District of Georgia, and against the District Court of the United States for that district, to show cause why writ of mandamus should not issue commanding them to send an authenticated copy of a certain affidavit of disqualification filed by, C. S. Henry in the equity cause of C. S. Henry v. E. B. Harris, pending on the docket of that court and the proceedings had thereon, to the senior circuit judge for the Fifth Circuit then in the circuit, and to desist from retaining or exercising any further jurisdiction in said cause.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The complainant in the court below sought to avail himself of the provisions of section 21 of the Judicial Code of the United States (January 1, 1912), and made and filed an affidavit accompanied by certificate of counsel of record, whereby he undertook to disqualify the judge of the district from sitting in and deciding the cause in which he was complainant because of alleged bias and prejudice of the judge. This affidavit is as follows:

"Before me, an officer duly authorized by law to administer oaths, appeared the undersigned, C. S. Henry, who on oath deposes and says there is now pending in the Circuit Court of the United States for the Western Division of the ·Southern District of Georgia a bill for specific performance filed by the deponent against one E. B. Harris. An order of reference was duly entered in said case directing J. N. Tally, standing master in chancery, to hear evidence and submit an opinion to the court both on the law and the facts. After evidence taken and arguments of counsel, the master found in favor of the complainant. Exceptions were filed to said report, and are now pending before the Circuit Court, ·the Honorable ·Emery Speer, Judge. Deponent avers that it is his honest belief that he cannot get a fair and impartial trial before the said judge, the Honorable Emery Speer, by reason of prejudice and bias against him and in favor of the opposite party to said suit, for the following reasons: Deponent avers that after suit, or after the bill was filed and the report of the standing master, involuntary petition in bankruptcy was filed against the said E. B. Harris; trustee selected and in due time was made a party to this suit. That on information and belief, after the election of said trustee, the Honorable Emery Speer rendered, or rather delivered, to the newspapers an opinion relative to the above-entitled cause, a copy of which is hereto attached, marked 'Exhibit A' and made a part of ·this affidavit, in which practically every issue is prejudged and determined by the said judge. This opinion, as deponent is informed and believes, was written before the above-named case had been assigned for trial, without the report of the master, or the evidence in said cause having been read by the judge and before any arguments of counsel. Deponent avers that in his judgment and belief this opinion very clearly indicates the bias and prejudice of the said judge against deponent's right to recover, and precludes for him the possibility of a fair and impartial trial. Deponent, as he is informed by counsel, could not avail himself of this privilege prior to the first of January, nineteen hundred and twelve, in that said law did not go into effect until that day, and for the further reason that this opinion above referred to was not delivered until December —, 1911."

It appears that, after filing this affidavit with certificate of counsel, the attorneys for the petitioner moved the judge to have an authenticated copy thereof forthwith certified to the senior circuit judge, then present in the circuit. Thereupon the judge proceeded to determine as to the legal sufficiency of the affidavit, and also to hear evidence upon the question of the existence vel non of the bias or prejudice on his part as charged and alleged therein. This hearing resulted in an order overruling the petitioner's motion, dismissing the affidavit, and assigning the cause in which the affidavit was filed for hearing on its merits. The cause of action in which the affidavit was filed arose and was commenced long prior to January 1, 1912, the time when the Judicial Code by its terms took effect and went in force.

W. D. McNeil and M. Felton Hatcher, both of Macon, Ga., for petitioner.

Arthur L. Dasher, Jr., and Malcom D. Jones, both of Macon, Ga., and Andrew J. Cobb, of Athens, Ga., for respondent.

Before PARDEE, Circuit Judge, and NEWMAN and MEEK, District Judges.

MEEK, District Judge (after stating the facts as above). The questions to be determined are: (1) In view of the time of the accrual of complainant's alleged cause of action and commencement of this suit

was he entitled to avail himself of the provisions of section 21 of the Judicial Code? (2) If so, did the affidavit made and filed by him meet the requirements of this section? (3) What duty was imposed upon the judge upon the filing of the affidavit and certificate of counsel?

[1] Section 21 of the Judicial Code of the United States January 1, 1912, reads as follows:

"Whenever a party to any action or proceeding, civil or criminal, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, such judge shall proceed no further therein, but another judge shall be designated in the manner prescribed in the section last preceding, or chosen in the manner prescribed in section twenty-three, to hear such matter. Every affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term of the court, or good cause shall be shown for the failure to file it within such time. No party shall be entitled in any case to file more than one such affidavit; and no such affidavit shall be filed unless accompanied by a certificate of counsel of record that such affidavit and application are made in good faith. The same proceedings shall be had when the presiding judge shall file with the clerk of the court a certificate that he deems himself unable for any reason to preside with absolute impartiality in the pending suit or action."

It is contended that because the alleged action in which the affidavit was filed arose and was commenced prior to the time the Judicial Code became effective the provisions of section 21 may not be availed of therein to disqualify the judge. This contention is based on section 299 of the Code, which declares in part:

"The repeal of existing laws, or the amendments thereto, embraced in this act, shall not affect any act done, or any rights accruing or accrued, or any suit or proceeding * * * pending at the time of the taking effect of this act, but all such suits and proceedings for acts arising or for acts done prior to such date, may be commenced and prosecuted within the same time, and with the same effect, as if said repeal or amendment had not been made."

This section manifestly pertains to the acts and rights of parties as those acts and rights are involved in the commencement and prosecution of suits and controversies. They may commence and prosecute their causes "within the same time and with the same effect as if said repeal and amendment had not been made." Section 21 does not affect the acts done by nor the rights accruing to litigants in the sense this language is used in section 299. We are of opinion that section is entirely irrelevant in this connection. Section 21 has to do with the personality of the judge before whom the suit is to be tried and rights established. It is remedial in its nature; that is, it is meant to afford relief from adventitious predicaments which fair-minded men recognize should be relieved against, when they in fact exist. In affording this relief the Congress has expressed itself plainly and perspicuously. It is not difficult to arrive at its true intent and meaning. We hold the provisions of section 21 to be available, even though the cause of action in which they are invoked arose and was commenced before the time the Judicial Code became effective.

[2] In the enactment of section 21 the plain purpose of the Congress was to afford a method of relief through which a party to a suit may avoid trial before a judge having a *personal* bias or prejudice

against him or in favor of the opposite party. That sought to be relieved against is a personal bias or prejudice—a bias or prejudice possessed by the judge specifically applicable to or directed against the suitor making the affidavit or in favor of his opponent. The statute qualifies the words bias and prejudice by the single word "personal." The deponent in the affidavit filed below failed to use the qualifying word "personal" in making oath to the existence of bias or prejudice on the part of the judge before whom the case was to be tried. It is contended 'that the use of the word in the statute, in view of the context, is merely cumulative and tautological; that 'it may be omitted from the affidavit, and still the quality of bias or prejudice will be revealed to be personal. But the statute requires the use of the word, and it may not be avoided. Owing to the nature of the statute and its liability to abuse, we are inclined to hold those seeking to avail themselves of it to a strict and full compliance with its provisions. The affidavit filed below illustrates the necessity for such compliance. Its perusal reveals the facts and reasons advanced in support of the charge of bias and prejudice do not tend to show the existence of a personal bias or prejudice on the part of the judge toward petitioner but rather a prejudgment of the merits of the controversy and "against deponent's right to recover." Section 21 is not intended to afford relief against this situation.

[3] Upon the making and filing by a party of an affidavit under the provisions of section 21, of necessity there is imposed upon the judge the duty of examining the affidavit to determine whether or not it is the affidavit specified and required by the statute and to determine its legal sufficiency. If he finds it to be legally sufficient then he has no other or further duty to perform than that prescribed in section 20 of the Judicial Code. He is relieved from the delicate and trying duty of deciding upon the question of his own disqualification.

The judge having correctly ruled that the affidavit herein filed was not the affidavit specified and required by the statute, the duty was not imposed upon him to comply with the provisions of section 20.

The petition for mandamus will be denied.