**In re LISMAN et al.**

Circuit Court of Appeals, Second Circuit.
May 19, 1937.

Miller, Owen, Otis & Bailly, of New York City (Edward C. Bailly, Mark F. Hughes, and Walter H. Brown, Jr., all of New York City, of counsel), for petitioners.

James H. Wood, of Gloversville, N. Y., for City of Gloversville, N. Y.

Abraham N. Geller, of New York City, for holders of First Consolidated General Refunding Mortgage Bonds of Fonda, Johnstown & Gloversville R. Co.

C. L. Kenyon, of Schenectady, N. Y., for a creditor, General Electric Co.

Alfred D. Dennison, of Johnstown, N. Y., for City of Johnstown, N. Y.

Before MANTON, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

Reorganization proceedings of the Fonda, Johnstown & Gloversville Railroad Company under section 77 of the Bankruptcy Act, as amended (11 U.S.C.A. § 205) were instituted April 20, 1933, and are

now pending in the Northern District of New York before the Honorable Frank Cooper, District Judge.

On March 31, 1936, recommendations were made to the District Judge by the trustee suggesting the substitution of busses for the debtor's electric lines as a means of eliminating losses which were being incurred. The petition was denied by the District Judge recommending that it be presented by the petitioner, a Protective Committee of Bondholders who have intervened in the reorganization proceedings. A petition was filed by the Committee April 14, 1936, to authorize the trustee to present the matter to the Public Service Commission and the Interstate Commerce Commission. Hearings were had and others are to be held on this petition.

On April 15, 1937, a disqualifying affidavit was filed charging the District Judge with personal bias and prejudice which would cause a denial of the petition. Prejudice is alleged to exist in favor of the General Electric Company which had made a conditional sale of equipment to the debtor upon which deferred installments are outstanding. The charge is that the district judge desires the continuation of the electric lines so as to prevent a disaffirmance of the conditional sale. The District Judge held the affidavit was not timely filed and was legally insufficient.

■ Although the remedy of appeal from such an order is clearly available to the petitioner, the original writs applied for herein may issue as a substitute where special circumstances exist. Minnesota & Ontario Paper Co. v. Molyneaux, 70 F.(2d) 545 (C.C.A.8). These are said to be present here because of the serious effect upon the debtor's property which the delay incident to an appeal would occasion. Similar circumstances were held insufficient in the Molyneaux Case, which concerned an equity receivership involving large properties. Assuming, however, that facts exist justifying the issuance of these writs, and assuming the timeliness of the filing of the affidavit, the disqualifying facts alleged in the affidavit are clearly insufficient.

■ A sufficient affidavit must state the facts and reasons for the belief that a personal bias or prejudice exists. Section 21 of the Judicial Code (28 U.S.C.A. § 25). It must be shown that such a prejudice exists against the party making the affidavit or in favor of his opponent as to preclude impartial judgment by the recused judge. Ex parte American Steel Barrel Co., 230 U.S. 35, 43, 33 S.Ct. 1007, 57 L.Ed. 1379; Henry v. Speer, 201 F. 869 (C.C.A.5); American Brake Shoe & Foundry Co. v. Interborough Rapid T. Co., 6 F.Supp. 215 (D.C.N.Y.). Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481, illustrates the type of factors which may constitute personal bias or prejudice.

■ Reliance is placed in the affidavit upon three facts: (1) That the District Judge told the trustee that he was going to deny the Committee's petition. If this be true, it does not prove the existence of prejudice and may reasonably be interpreted merely as an expression of a "prejudgment of the merits of the controversy." Henry v. Speer, supra, 201 F. 869, at page 872. (2) The trustee was also told by the District Judge not to take "any definite position with respect to the petition at the hearing on April 17, 1937 and * * * not to testify in connection therewith." This may be reasonably explained as an attempt to maintain utter impartiality at the hearing and to prevent the trustee from throwing his support on either side. The District Judge had been in charge of the proceedings for four years and must have fully understood the necessity of an unbiased decision on a petition which asked the abandonment of the debtor's electric lines. (3) It is charged that the District Judge turned over to an officer of the General Electric Company documentary evidence relating to the petition without notice to or knowledge by the Committee. This evidence consists of a report of expenses and estimated earnings from the substitution of busses. In his opinion striking out the affidavit, the District Judge satisfactorily explains that the trustee already had this report and that he assumed that the Bondholders Committee would present it at the hearing. He was desirous of having all sides prepared for a discussion and analysis of the report.

There is proof only of indiscreet expressions by the District Judge. These facts do not establish disqualifying bias or prejudice.

The writ is denied, and the petition dismissed.