**In the Matter of UNITED SHOE MA-CHINERY CORPORATION,**
Movant.
**No. 5638 (Original).**

United States Court of Appeals
First Circuit.
March 18, 1960.

Robert Proctor and Choate, Hall & Stewart, Boston, Mass. and Ralph M. Carson and Davis Polk Wardwell Sunderland & Kiendl, New York City, for movant.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

◼ We have before us a motion for leave to file a petition for a writ of mandamus under the all-writs statute, 28 U.S.C. § 1651, to compel a district judge to recognize an affidavit of prejudice and disqualify himself prior to trial. We have always construed this statute guardedly. In re Chappell & Co., 1 Cir., 1953, 201 F.2d 343; In re Sylvania Electric Products, Inc., 1 Cir., 1955, 220 F.2d 423. In other circuits it has been held inapplicable to just such a situation as this, Korer v. Hoffman, 7 Cir., 1954, 212 F.2d 211, 45 A.L.R.2d 930; Green v. Murphy, 3 Cir., 1958, 259 F.2d 591, although it is not clear whether the majority of the court in the second case based its decision on lack of jurisdiction, or on the exercise of discretion in the particular case. This latter rather clearly appears to be the view of the courts in Minnesota & Ontario Paper Co. v. Molyneaux, 8 Cir., 1934, 70 F.2d 545, and In re Lisman, 2 Cir., 1937, 89 F.2d 898. The contrary case of Gladstein v. McLaughlin, 9 Cir., 1955, 230 F.2d 762, is perhaps a special case. In any event, since this would ultimately be a discretionary matter, we make a preliminary examination of the affidavit before reaching the question of power. See Williams v. Kent, 6 Cir., 1954, 216 F.2d 342; Dilling v. United States, 1944, 79 U.S.App. D.C. 47, 142 F.2d 473.

In 1947 a civil antitrust action was instituted by the government against petitioner in the District of Massachusetts. At this time the judge before whom the present action is pending was the United States Attorney for the district. His name, along with a number of others, appeared at the end of the complaint as of counsel for the government. Thereafter, long before trial, he was elevated to the bench. The case was tried before another judge, and decided in favor of the government. United States v. United Shoe Machinery Corp., D.C.D.Mass.1953, 110 F.Supp. 295, affirmed, 1954, 347 U.S. 521, 74 S.Ct. 699, 98 L.Ed. 910. The present suit, a private treble-damage action, was commenced in December 1956, and was then permanently assigned (by lot), in accordance with local practice, to the present judge. Plaintiff alleged in the complaint that it was relying upon the government decree. It sought damages going back beyond 1946. Petitioner moved to strike all claims prior to December 1952 on the ground that the statute of limitations had run. The court denied this motion, and petitioner sought to persuade the court to certify this question as meriting an immediate appeal un-

der 28 U.S.C. § 1292(b). The plaintiff opposed, and a hearing was held on June 30, 1959. At this hearing matters occurred which form part of the affidavit of prejudice. Thereafter the court issued the certificate, we accepted the appeal, and reversed. United Shoe Machinery Corp. v. International Shoe Machine Corp., 1 Cir., 1960, 275 F.2d 459.

Returning to the hearing of June 30, 1959, it appears from the brief portions of the transcript thereof annexed to the affidavit that the court made certain remarks *indicating a highly unfavorable* opinion of the conduct of general counsel of petitioner's patent division in some former matter, apparently unconnected with this case. It is alleged that this counsel is an important prospective witness. Also at this hearing the court construed a statement of petitioner's trial counsel as reflecting upon his personal integrity, and made an indignant reply. It appears that counsel disclaimed any such intention, but counsel's original statement is not set forth, and we note that we cannot tell whether the court's interpretation was a misconstruction or not. The affidavit was filed on July 27, 1959. The court dismissed it on September 3d, as neither "sufficient or timely." This motion was filed March 4, 1960.

The affidavit alleges bias and prejudice based on the court's 1947 connection with the government case; the court's characterization on June 30, 1959, of general counsel's former conduct; and the court's assertion that trial counsel had impugned his integrity. The affidavit was filed pursuant to 28 U.S.C. § 144, the material portion of which reads as follows:

"*Bias or prejudice of judge.* Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

The requirement of timeliness is of fundamental importance. The first ground of the affidavit is untimely as matter of law. We do not see how anyone could read the statute and think otherwise. Petitioner knew of this circumstance for two and a half years and said nothing. On the bare record before us, we cannot tell whether the remaining grounds were timely asserted or not. Petitioner waited 27 days, only 15 of which were consumed, according to the affidavit, in obtaining a transcript of the hearing. We do not know what proceedings took place during this interval. One of the reasons for requiring promptness in filing is that a party, knowing of a ground for requesting disqualification, can not be permitted to wait and decide whether he likes subsequent treatment that he receives. As was said in State ex rel. Shufeldt v. Armijo, 1935, 39 N.M. 502, at page 506, 50 P.2d 852, at page 855,

"A litigant cannot experiment with the judge presiding over the case * * *.

"* * * We cannot permit a litigant to test the mind of the trial judge like a boy testing the temperature of the water in the pool with his toe, and if found to his liking, decides to take a plunge."

But regardless of whether the affidavit was timely in any respect, this petition is not. It proposes delay and interruption in the orderly procedure of the case. Many of the reasons for requiring diligence with respect to the affidavit hold equally here. General policy with respect to interlocutory relief is illustrated by 28 U.S.C. § 1292(b) requiring that application for hearing such matters not appealable as of right be made within ten days. Even interlocutory appeals that can be taken as of right must be taken in the usual thirty days. No cause is shown for the extraordinary delay here of six months following the court's order dismissing the affidavit.

Plaintiff has no standing to oppose the present petition, and if its motion for leave to file a brief is construed as a motion to intervene, it is denied for the reason that it contains uncalled for ad hominem argument.

The motion for leave to file is denied.