STATE OF HAWAII, Plaintiff-Appellee, *v.* JONAH M. IAEA, Defendant-Appellant

No. 5395

STATE OF HAWAII, Plaintiff-Appellee, *v.* MANUEL LUNA, JR., Defendant-Appellant

No. 5396

STATE OF HAWAII, Plaintiff-Appellee, *v.* ANNA M. KAM, ALVIN GEORGE KAOHU, and WILLIAM B. MOOKINI, Defendants-Appellants

No. 5398

November 13, 1973

RICHARDSON, C.J., MARUMOTO, ABE AND KOBAYASHI, JJ., AND CIRCUIT JUDGE NELSON K. DOI IN PLACE OF LEVINSON, J., DISQUALIFIED

OPINION OF THE COURT BY KOBAYASHI, J.

This is an interlocutory appeal from the order of the trial court entered on December 6, 1972, in the circuit court, first judicial circuit, denying defendants' motions for disqualification of the trial judge.

FACTS

This case arises out of the following factual situation. Anna M. Kam, Alvin George Kaohu, William B. Mookini, Jonah M. Iaea, and Manuel Luna, Jr., are defendants in criminal cases numbered 44262, 44263, 44325, 44614, 44942 and 44677.

On November 6, 1972, Kam, Kaohu and Mookini filed motions for the disqualification of circuit court judge, Robert Won Bae Chang, or reassignment of their cases to other circuit court judges. The motions for disqualification or reassignment were accompanied by supporting memorandum of points and authorities, and by the affidavits of Kam, Kaohu and Mookini.

On November 8, 1972, Iaea filed a motion for the disqualification of Judge Chang, accompanied by supporting memorandum and an affidavit of Iaea.

On November 22, 1972, Luna filed a motion for the disqualification of Judge Chang, requesting reassignment of his case to another circuit court judge and supplying supporting memorandum and an affidavit of Luna.

A hearing on these motions was held before Judge Chang on November 24, 1972. At said hearing Kam, Kaohu and Mookini filed second affidavits incorporating the allegations of the first affidavits respectively and adding that they were convinced that Judge Chang was "personally biased and prejudiced against" them. On November 30, 1972, Iaea filed a second affidavit incorporating the first affidavit and further alleging that Judge Chang was "personally biased and prejudiced against" him. On December 1, 1972, Luna filed a second affidavit incorporating the first affidavit and alleging that Judge Chang was "personally biased and prejudiced against" him.

On December 6, 1972, Judge Chang filed an order denying defendants' motions for disqualification with the finding that "each and every affidavit is without merit and insufficient as a matter of law to support the motions for disqualification." No factual findings were made by Judge Chang.

## STATUTE INVOLVED

HRS § 601-7 (b) reads as follows:

(b) Whenever a party to any suit, action, or proceeding, whether at law, in equity, criminal, or special proceeding, makes and files an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, the judge shall be disqualified from proceeding therein. Every such affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed before the trial or hearing of the action or proceeding, or good cause shall be shown for the failure to file it within such time. No party shall be entitled in any case to file more than one affidavit; and no affidavit shall be filed unless accompanied by a certificate of counsel of record that the affidavit is made in good faith. Any judge may disqualify himself by filing with the clerk of the court of which he is a judge a certificate that he deems himself unable for any reason to preside with absolute impartiality in the pending suit or action.

## ISSUES

The issues herein are:

1. Is this court required to take the allegations made in an affidavit alleging bias of a trial court judge in support of a motion for disqualification as absolutely true without reference to the record of the case?

2. Was the initial affidavit filed in this case legally sufficient to support a finding of *personal* bias on the part of the trial court?

3. May an affiant file more than a single affidavit in alleging personal bias on the part of the trial court?

## SCOPE OF REVIEW

During the course of oral arguments, it was suggested by

one of defendants' counsel that this court review the entire record to get the "flavor" of what went on in the trial court. In support of said suggestion the defendants' counsel cited *Peters v. Jamieson*, 48 Haw. 247, 397 P.2d 575 (1964). *Peters*, however, dealt with a motion for writ of prohibition coupled with supporting affidavits to disqualify that were based upon matters of record, and thus this court found that: "Indeed, any motion to disqualify based on matters of record must find its support in the record." The court further stated that: "Hence, we have deemed it necessary to review the record and to depict the pertinent portions of the proceedings . . . ."

We are of the opinion that *Peters* is not apposite. Even if we assume arguendo *Peters* is apposite, the record before this court is not helpful in determining the truth or falsity of the allegations in the affidavit. The reason is simple: a court reporter was not present to record the proceedings of the pre-trial conferences at which the statements in the affidavits were allegedly made.

### LEGAL SUFFICIENCY OF THE INITIAL AFFIDAVITS — PERSONAL BIAS

HRS § 601-7 (b) requires that ". . . the judge before whom the action or proceeding is to be tried or heard has a *personal bias or prejudice* either against him or in favor of any opposite party to the suit . . . ." (Emphasis added.)

We are of the opinion that, after examining each of the original affidavits, the following statement, in substance, which is expressed in each of the affidavits of Anna M. Kam, William B. Mookini, Jonah M. Iaea and Manuel Luna, Jr., merits our concern and consideration:

My counsel has informed me that the Judge has stated on numerous occasions that the need for security because of the dangerous nature of the "defendants" would always balance more heavily in his mind than the defendants' right to discovery or even to the defendants' right to a fair trial.

Defendants, no doubt, believe that the above statement is sufficient to amount to a personal bias or prejudice on the part

of the trial court as against the defendants.

It is clear that in the event the trial court does, in subsequent proceedings on the case in chief, deny defendants their right to a fair trial, the defendants do have recourse to the supreme court on appeal.

However, we are of the opinion that none of the statements, including the above, in the affidavits indicate, directly or in substance, a personal bias or prejudice on the part of the trial court as against the defendants as required by the provisions in HRS § 601-7 (b) and thus all of the affidavits filed herein are defective and insufficient as a matter of law.

We reach the above conclusion notwithstanding the prior opinion of this court[1] relative to the specific use of the phrase "personal bias or prejudice".

Defendants contend that, since the statute in question is of a remedial nature, this court should adopt a liberal construction of the statute. We are of the opinion that, though the statute is of a remedial nature, a strict construction of its provisions is necessary to avoid abuses inherent in disqualification proceedings.[2]

### THE SECOND AFFIDAVITS

Our opinion above renders unnecessary any comment on the question of a second affidavit.

Affirmed.

*Brook Hart* (*Hart, Sherwood, Leavitt, Blanchfield* and *Hall* of counsel; *Vincent H. Yano* with him on the brief) for *Jonah M. Iaea* and *Manuel Luna, Jr.*, defendants-appellants.

*David C. Schutter* for *Anna M. Kam, Alvin George Kaohu* and *William B. Mookini*, defendants-appellants.

*Douglas Halsted*, Deputy Prosecuting Attorney (*Barry Chung*, Prosecuting Attorney, and *Lawrence S. Grean*, Deputy Prosecuting Attorney, with him on the brief) for plaintiff-appellee.

---

[1] In re Bouslog, 41 Haw. 270 (1956); Glover *v.* Fong, 39 Haw. 308 (1952).

[2] Whittemore *v.* Farrington, 41 Haw. 52 (1955); Henry *v.* Speer, 201 F. 869 (1913); United States *v.* Flegenheimer, 14 F. Supp. 584 (D.C.D.N.J. 1935).