Petition of David Hall and Jo Evans Hall
to Perpetuate the Testimony of
Dorothy Pike.

**David HALL and Jo Evans Hall,
Plaintiffs,**

v.

**William R. BURKETT et al.,
Defendants.**

Nos. Civ–74–29–C, Civ–74–220–C.

United States District Court,
W. D. Oklahoma.

Feb. 27, 1975.

Byrne A. Bowman and Richard F. McDivitt, Felix, Bowman, McIntyre & McDivitt, Oklahoma City, Okl., for petitioners.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., for respondent United States.

William R. Burkett, U. S. Atty., and John E. Green, Asst. U. S. Atty., Oklahoma City, Okl., for defendants William R. Burkett and Clyde L. Bickerstaff.

## MEMORANDUM OPINION AND ORDER ADJUDGING MOTION TO DISQUALIFY INSUFFICIENT

CHANDLER, District Judge.

These cases arise out of a controversy between Governor David Hall of Oklahoma and his wife, Jo Evans Hall, and Clyde L. Bickerstaff, Oklahoma District Director, Internal Revenue Service, William R. Burkett, United States Attorney for the Western District of Oklahoma, and Dorothy Pike, former personal secretary of Governor Hall.

Case number 74–30–C was filed in this court on January 7, 1974, by Governor Hall and his wife wherein they allege that defendants Burkett and Bickerstaff and their subordinates and agents have been investigating the income, income tax returns and records of the plaintiffs for more than three years; that defendants have never furnished plaintiffs any information of any kind with respect to the results of this investigation; that the Internal Revenue Service is presently considering commencement of civil and criminal tax fraud proceedings against the plaintiffs; that Dorothy Pike and the defendants Bickerstaff and Burkett have in their possession certain papers, documents, and records of plaintiffs; that defendants are not willing voluntarily to permit plaintiffs to inspect said records and that the defendants obstruct justice by endeavoring to prevent plaintiffs' attorneys and investigators from interviewing Dorothy Pike and examining the records in her possession.

Plaintiffs pray for preliminary and permanent injunctions enjoining defendants (1) from preventing plaintiffs' attorneys and investigators from interviewing Dorothy Pike and examining records in her possession and (2) from counseling, advising, ordering or encouraging Dorothy Pike to refuse to talk with plaintiffs' attorneys and investigators.

This court denied plaintiffs' motion for an ex parte Temporary Restraining Order and ordered defendants to show cause, on January 17, 1974, why such relief as requested should not be granted, on which date defendants appeared and filed a Motion to Dismiss supported by affidavits of the parties and the affidavit of Dorothy Pike, dated January 15, 1974. The plaintiffs requested the right to cross-examine Dorothy Pike and the court then ordered, in accordance with Rule 43(e) of the Federal Rules of Civil Procedure, that the motion be heard upon oral testimony and depositions and not on affidavits presented by the respective parties. Accordingly, a subpoena duces tecum was issued to Dorothy Pike to appear for the purpose of taking her deposition.

Dorothy Pike was not found and defendants were, on several occasions in open court, requested to assist in locating Mrs. Pike and were reminded that it was their duty as officers of the court to do so. Defendants at all times pertinent hereto denied knowledge of her whereabouts.

On January 28, 1974, this court again requested the parties to assist in the search for Mrs. Dorothy Pike and ordered that she appear at 10 o'clock A.M. on January 29, 1974.

In action number 74–29–C Governor and Mrs. Hall seek an order authorizing them to take the deposition of Dorothy Pike and others for the purpose of perpetuating their testimony and authorizing them to examine and copy all records in the possession of said witnesses relating to the income tax liabilities of the petitioners for certain stated years.

The third action, number 74–220–C against Clyde L. Bickerstaff, Oklahoma District Director, Internal Revenue Service; William R. Burkett, United States District Attorney for the Western District of Oklahoma; and Dorothy Pike, was originally filed by Governor and Mrs. Hall in the District Court of Oklahoma County, Oklahoma, and removed to this Court by the defendants.

Plaintiffs therein pray for delivery of certain personal documents, papers, and records alleged to have been taken sur-

reptitiously by the defendant Dorothy Pike and wrongfully detained by the defendants Bickerstaff and Burkett. It is now pending on defendants' Motion to Dismiss.

All further proceedings in number 74–30–C were stayed by order of the Court of Appeals for the Tenth Circuit on January 30, 1974, pending further order of that Court.

Numerous hearings were held in action number 74–30–C and, as a result of the statements, testimony, and actions of the defendant Burkett and other members of the bar representing defendants in the actual presence of the Court, the Court on March 11, 1974, filed an order in the office of the Clerk of the Court entitled In Re: William R. Burkett, Jeff R. Laird, James M. Peters, Floy E. Dawson, O. B. Johnston, III and G. Phil Harney and numbered Miscellaneous No. 7, disbarring William R. Burkett, Jeff R. Laird, James M. Peters, Floy E. Dawson, O. B. Johnston, III, and G. Phil Harney under Rule 4(j)(1) and (2) of the court and as provided by the rule ordered them to show cause by written petition if they wished to seek relief from said order.

The Court in the same numbered proceeding further ordered that these attorneys show cause why they should not also be held in criminal and civil contempt by reason of the same acts. Copies of said orders are appended hereto as Exhibits A and B.

In actions numbered 74–29–C and 74–220–C, pursuant to 28 U.S.C. § 144, defendants, on June 11, 1974, filed Motions to Disqualify the undersigned United States District Judge for the Western District of Oklahoma, alleging that he has a personal bias and prejudice against the defendants in the above-styled causes and against the United States. The motions were supported by the affidavit of William R. Burkett, United States Attorney for the Western District of Oklahoma.

28 U.S.C. § 144 provides:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

■■ The statute does not command automatic disqualification. It is the duty of the judge who is allegedly biased to pass on the sufficiency of the affidavit of prejudice. United States v. Bell, 351 F.2d 868 (CA6 1965); Eisler v. United States, 83 U.S.App.D.C. 315, 170 F.2d 273 (1949); Broome v. Simon, 255 F.Supp. 434 (D.C.La.1966). But he is restricted to the determination of the timeliness of the affidavit and its legal sufficiency. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); Rosen v. Sugarman, 357 F.2d 794 (CA2 1966).

■■ It is the judge's duty to refuse to sit when he is disqualified, but it is equally his duty to sit when there is no valid reason for recusation. Edwards v. United States, 334 F.2d 360 (CA5 1964); Banco Nacional de Cuba v. Sabbatino, 307 F.2d 845 (CA2 1962), reversed on other grounds, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804. Only when such timeliness and sufficiency are both established is disqualification proper.

*Timeliness*

As to timeliness, § 144 requires that the " . . . affidavit . . . be filed not less then ten days before the

beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time . . . "

Defendants state in their motion that "said bias and prejudice became known to affiant and defendants only in March, 1974, and for that reason said affidavit could not have been filed before the beginning of the term."

■ But whether the affidavit was filed before the beginning of the term can no longer be the test. In 1963 Congress enacted 28 U.S.C. § 138 which provides that: "The district court shall not hold formal terms." And the rules of this court provide for a continuous session. Rule 3, Rules of the United States District Court for the Western District of Oklahoma, Effective March 15, 1973. The Tenth Circuit has held that a litigant must file his affidavit before participating in proceedings or invoking the affirmative action of the court, and this appears to be the proper test in this jurisdiction. Skirvin v. Mesta, 141 F.2d 668 (CA10 1944). Defendants here have obviously failed to meet this deadline, and must therefore show good cause for their delay.

■ Discovery, after the deadline (here participation in the proceedings), of facts indicating the judge's bias constitutes good cause for late filing. Hurd v. Letts, 80 U.S.App.D.C. 233, 152 F.2d 121 (1945). Defendants have alleged such late discovery, which allegation must be assumed to be true for the purposes of this motion. Rosen v. Sugarman, supra; Lewis v. United States, 14 F.2d 369 (CA8 1926); Berger v. United States, supra.

■ Where the good cause requirement has been met, a literal reading of § 144 would mean that no time requirement at all would be imposed. Courts have plugged this loophole, however, by holding that even if there is good cause for missing the deadline, the affidavit must be filed with reasonable diligence. Reasonable diligence has been given a strict interpretation. 79 Harv.L.Rev.

1435 at 1444. To hold otherwise would defeat the purpose of the timeliness requirement. The purpose of limiting the time for filing of affidavits of bias and prejudice is to prevent their use to obtain last minute postponements of trial or to sample the temper of the court before deciding whether to file the affidavit. Peckham v. Ronrico Corp., 288 F.2d 841 (CA1 1961).

■■ Accordingly it has been held that a challenge to a judge for bias and prejudice must be made at the first opportunity after discovery of facts tending to prove disqualification. Chafin v. United States, 5 F.2d 592 (CA4 1925). And that nothing is more important in an affidavit of bias or prejudice of a judge than timeliness, and its counterpart, waiver. In re Union Leader Corp., 292 F.2d 381 (CA1 1961).

In Eisler v. United States, supra, it was held that an affidavit filed on May 29 was untimely when the affiant had first learned the identity of the trial judge on May 20, even though affiant's attorney had been interrupted in his work in the meantime by the death of his brother. Where the affiant waited 27 days from the time at which the judge allegedly made unfavorable comment against the petitioner's general counsel, the filing of the affidavit was untimely, even though 15 days of the elapsed period were consumed in obtaining a transcript of the hearing at which the comments allegedly were made. In re United Shoe Machinery Corp., 276 F. 2d 77 (CA1 1960). And the filing of a party's affidavit about three months after introduction of testimony during which the affidavit states the judge's bias and prejudice against affiant became apparent was too late. Scott v. Beams, 122 F.2d 777 (CA10 1941).

■ As noted above, defendants have stated that the alleged bias and prejudice became known to them in March, 1974. Undoubtedly defendants refer to the disbarment and show cause order issued by the Court on March 11, 1974. Since the Motion to Disqualify was not filed until June 11, 1974, three

months elapsed between the discovery of the facts leading to this belief and the filing of Mr. Burkett's affidavit, during which time many hearings were held. No good cause whatsoever has been pleaded to explain this delay. The filing of the affidavit was, therefore, untimely. To disqualify a judge, timely objection must be made and, if not so made the objection is waived. Kramer v. United States, 166 F.2d 515 (CA9 1948); Laughlin v. United States, 80 U.S.App. D.C. 101, 151 F.2d 281 (1945).

*Sufficiency*

The affidavit must assert facts from which a sane and reasonable mind may fairly infer bias or prejudice. Keown v. Hughes, 265 F. 572 (CA1 1920). These facts must be set out with at least that particularity one would expect to find in a bill of particulars filed by a pleader in an action at law to supplement and explain the general statements of a formal pleading. Wilkes v. United States, 80 F.2d 285 (CA9 1935). The affidavit must state, with the required particularity, the identifying facts of time, place, persons, occasion and circumstances. United States v. Hanrahan, 248 F.Supp. 471 (D.C.D.C. 1965).

A bill of particulars must be definite and specific and not contain general allegations or conclusions. It should be reasonably certain and as specific as the circumstances of the case will allow. 71 C.J.S. Pleading § 398, p. 831.

It is not sufficient for defendants to state that the facts relied on will be found in the records of cases, since that gives no particulars of their precise claims. It follows that the doctrine of incorporation by reference has no place in a § 144 affidavit.

Here the affidavit states that the facts and reasons supporting the belief of the existence of bias and prejudice are the " . . . actions, rulings, and orders . . ." in the named proceedings " . . . as more fully appears from the files . . . and the transcript . . . which are by this reference made a part of this affidavit . . . ". This general allegation falls far short of the particularity standard to be met in a § 144 affidavit, since the attempt to incorporate the records of the named proceedings by reference will not save an affidavit insufficient on its face.

Furthermore, § 144, by its terms, requires *"personal"* bias or prejudice and the courts have been rigorous in requiring a showing of personal bias as contrasted with general bias or judicial bias. 2B Barron & Holtzoff (Wright ed.) § 902; Ferrari v. United States, 169 F.2d 353 (CA9 1948); In re Lisman, 89 F.2d 898 (CA2 1937). The word "personal" is the significant word of the section in contrast to the word "judicial" and it characterizes an extrajudicial origin. Hodgdon v. United States, 365 F.2d 679 (CA8 1966); United States v. Gilboy, 162 F.Supp. 384 (DC Pa. 1958). Accordingly, adverse rulings by a judge are not legal grounds for disqualification [Martin v. United States, 285 F.2d 150 (CA10 1960)], since such rulings are otherwise reviewable [Ex parte American Steel Barrel Co., 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913)]. An affidavit of bias and prejudice is insufficient if based on prior adverse judicial rulings or conclusions, opinions, and subjective findings. Barkan v. United States, 362 F.2d 158 (CA7 1966). The disqualification of a judge cannot be predicated on a tentative opinion of the court based on the testimony and papers before it. United States v. Birrell, 276 F.Supp. 798 (DC NY 1967). And finally, where the alleged factual basis for the charge of prejudice consisted only of acts and conduct occurring in the courtroom constituting rulings upon issues and questions which were part of the proceeding, and none of the asserted facts concerned prejudice originating in any extrajudicial source, the affidavit failed to meet the statutory requirements. Tynan v. United States, 126 U.S.App.D.C. 206, 376 F.2d 761 (1967).

 The affidavit in question alleges that in the judicial proceedings mentioned "said judge exhibited bias and prejudice . . . by his actions, rulings, and orders . . .". There is no reference to an extrajudicial origin of the alleged bias and prejudice. The only other allegation is that "without just cause or excuse, said judge disbarred affiant and commenced disciplinary proceedings against" him. Aside from showing no extrajudicial origin for the alleged bias and prejudice, the allegation is a conclusion, and is, therefore, without effect. Knoll v. Socony Mobil Oil Co., 369 F.2d 425 (CA10 1966).

The statement in the Motion and the Affidavit that the sitting judge has a personal bias and prejudice against the United States of America really needs no comment. However, it may be appropriate to point out that the United States Attorney is not the United States of America and that in the United States of America the sovereign is entitled to equal, not preferential, treatment by its courts.

Some sixty civil cases are now pending before the undersigned judge of this Court to which the United States of America is a party. In two of them, totally unrelated to these actions, affidavits of prejudice identical to those involved here have been filed by affiant. While it would considerably lighten his caseload if he could with a stroke of the pen clear his docket of this load, it is his duty to keep them and mete out equal justice as between the United States and the citizens who are parties thereto. He is neither prejudiced against the District Attorney nor the United States as a matter of fact or as a matter of law.

It being clear that the filing of the Motion was untimely and that the alleged bias is based solely upon adverse rulings, conclusions and opinions, it is the duty of the Court under the law to find said Motion, Affidavit and Certificate insufficient as a matter of law.

On this 12th day of June, 1974, it is so ordered.

The affidavits in the other cases are being adjudged insufficient as a matter of law by separate orders filed simultaneously herewith.

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

IN RE: WILLIAM R. BURKETT
JEFF R. LAIRD
JAMES M. PETERS
FLOY E. DAWSON
O. B. JOHNSTON III and
G. PHIL HARNEY
} Miscellaneous No. 7

JUDGMENT OF DISBARMENT

On this 11th day of March, 1974, the Court having considered the matters which have heretofore transpired in the very presence of the Court while sitting in and hearing

Civil Action Number 74–30–C pending in this Court entitled David Hall and

Jo Evans Hall v. William R. Burkett, United States District Attorney for the Western District of Oklahoma; and Clyde L. Bickerstaff, District Director, Internal Revenue Service,

and having carefully reviewed the entire record in said action, concludes that it is his duty under the law and the Canons of

Judicial Ethics to disbar from the practice of law in the United States District Court for the Western District of Oklahoma,

WILLIAM R. BURKETT, United States District Attorney for the Western District of Oklahoma;

JEFF R. LAIRD, First Assistant United States District Attorney for the Western District of Oklahoma;

JAMES M. PETERS,

FLOY E. DAWSON and

O. B. JOHNSTON III, Assistant United States District Attorneys for the Western District of Oklahoma; and

G. PHIL HARNEY, Senior Attorney, Regional Counsel, Internal Revenue Service.

The Court upon careful consideration finds from the complete record of the evidence the facts to be that the above named members of the Bar, in violation of their oaths as members of the Bar of this Court and in violation of their oaths as Officers of the United States

1. Did wilfully and corruptly conspire with William R. Burkett to conceal the whereabouts of Mrs. Dorothy Pike from the United States Marshal and the Court after the Court had admonished them to ascertain and disclose her address and had ordered a subpoena issued and served upon her which constitutes obstructing and impeding justice in said action.

2. Did wilfully and corruptly aid and abet William R. Burkett in concealing the whereabouts of said Mrs. Dorothy Pike.

3. William R. Burkett did testify under oath that neither he nor the Internal Revenue Service nor their employees and agents knew the whereabouts of Mrs. Pike when in truth and in fact he knew that he could obtain her address and failed to reveal said fact, which constituted perjury.

4. The fact that William R. Burkett had not told the whole truth was known to Jeff R. Laird, James M. Peters, Floy E. Dawson and O. B. Johnston III and G. Phil Harney and they failed to reveal the fact to the Court which constituted the crime of Misprision of Felony.

5. Did conspire to injure David Hall and Jo Evans Hall in the free exercise and enjoyment of their civil rights and privileges secured to them by the Constitution and laws of the United States in violation of Title 18 U.S.C. § 241.

6. The said attorneys did conspire to conceal from the Court that an Application for Writ of Prohibition and Mandamus would be filed and presented to the United States Court of Appeals for the Tenth Circuit on January 30, 1974, in

Original Action Number 74–1013 entitled William R. Burkett, United States Attorney for the Western District of Oklahoma; and Clyde L. Bickerstaff, District Director, Internal Revenue Service

after the Court had ordered in

Civil Action Number 74–30–C pending in this Court entitled David Hall and Jo Evans Hall v. William R. Burkett, United States District Attorney for the Western District of Oklahoma; and Clyde L. Bickerstaff, District Director, Internal Revenue Service

that he and the real parties in interest be notified of any such application so that they could appear and defend and said William R. Burkett did file such an Application and obtain an *ex parte* Writ of Prohibition prohibiting further proceedings in Civil Action Number 74–30.

All in violation of the Professional Code of Ethics and Title 18 U.S.C. § 2, § 1503, § 241, § 371, § 401, § 402, § 1621, § 1622, § 1623.

Therefore, pursuant to Rule 4(j)(1) of the Rules of the United States District Court for the Western District of Oklahoma, adopted January 1, 1971,

It is ordered and adjudged that

WILLIAM R. BURKETT
JEFF R. LAIRD
JAMES M. PETERS
FLOY E. DAWSON
O. B. JOHNSTON III and
G. PHIL HARNEY

are hereby disbarred and the Clerk of this Court is hereby ordered to strike their names from the roll of attorneys admitted to practice before the United States District Court for the Western District of Oklahoma.

In accordance with Rule 4(j)(1) said attorneys are advised that if they care to seek relief from this judgment by written Petition and care to show cause for the relief sought, they are ordered to file such a Petition with supporting brief in the Office of the Clerk of this Court on or before the 21st day of March, 1974.

The United States Marshal is ordered to make personal service of this Judgment upon each of named parties forthwith.

The Clerk of the Court is ordered to transmit forthwith a photostatic copy of this Judgment of Disbarment and the entire transcript of the evidence and proceedings in

Civil Action Number 74–30–C pending in this Court entitled David Hall and Jo Evans Hall v. William R. Burkett, United States District Attorney for the Western District of Oklahoma; and Clyde L. Bickerstaff, District Director, Internal Revenue Service

to The Attorney General of the United States of America and to the Oklahoma State Bar.

(s) Stephen S. Chandler
UNITED STATES DISTRICT JUDGE

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

IN RE: WILLIAM R. BURKETT
JEFF R. LAIRD
JAMES M. PETERS
FLOY E. DAWSON
O. B. JOHNSTON III and
G. PHIL HARNEY

Miscellaneous No. 7

March 11, 1974
March 29, 1974

ORDER TO SHOW CAUSE

WILLIAM R. BURKETT
JEFF R. LAIRD
JAMES M. PETERS
FLOY E. DAWSON
O. B. JOHNSTON III
G. PHIL HARNEY

are hereby ordered to show cause in writing on or before March 21, 1974, why they should not be punished for Civil and Criminal Contempt of the

United States District Court for the Western District of Oklahoma for the following acts performed by them in the presence of the Court while sitting in

hearings in the above-entitled action on January 17, 18, 21, 22, 28, 29 and 30 and February 7, 1974:

1. Wilfully and corruptly obstructing and impeding justice by conspiring with William R. Burkett to conceal and by concealing the whereabouts of Mrs. Dorothy Pike from the Court and the United States Marshal from January 18th until January 29th by failing to use the means available to them to ascertain her whereabouts after the Court had requested said attorneys to ascertain from their clients her address and furnish it to the United States Marshal at the earliest possible moment. At the same time the Court advised them that it was their duty to do so and that failure to do so would constitute violation of Title 18 U.S.C. § 1503 and that to aid and abet in concealing her whereabouts would under Title 18 U.S.C. § 2 make anyone who did so a principal in the act and that they would be guilty of the same felony.

2. William R. Burkett did on January 17, 18, 21, 22, 28, 29, commit perjury by stating and testifying falsely under oath that neither he nor his clients and their agents knew the whereabouts of Mrs. Dorothy Pike, when in truth and in fact he knew that he could ascertain her address from agents of the Internal Revenue Service.

3. Jeff R. Laird, James M. Peters, Floy E. Dawson and O. B. Johnston III and G. Phil Harney on and after January 18 knew of the false statements and perjury committed by said William R. Burkett and knew that they were false and knew of the concealment of the whereabouts of Dorothy Pike by William R. Burkett but wholly failed to so notify the Court which constituted the crimes of Misprision of Felony and obstructing and impeding justice.

The Court finds that all of said acts were committed wilfully and corruptly in the actual presence of the Court sitting in and hearing the above-entitled action as shown by the complete record therein in violation of Title 18 U.S.C. § 2, § 4, § 241, § 371, § 1503, § 1621, § 1622, § 1623, and constitute Civil and Criminal Contempt within the purview of Title 18 U.S.C. § 401 by virtue of which the Court is vested with power to punish by fine or imprisonment.

The United States Marshal is ordered to make personal service of this Order to Show Cause upon each of named parties forthwith.

The Clerk of the Court is ordered to transmit forthwith a photostatic copy of this Order to Show Cause and the entire transcript of the evidence and proceedings in

Civil Action Number 74–30–C pending in this Court entitled David Hall and Jo Evans Hall v. William R. Burkett, United States District Attorney for the Western District of Oklahoma; and Clyde L. Bickerstaff, District Director, Internal Revenue Service

to The Attorney General of the United States of America and to the Oklahoma State Bar.

(s) Stephen S. Chandler
UNITED STATES
DISTRICT JUDGE