**ANDREWS, MOSBURG, DAVIS, ELAM, LEGG & BIXLER, INC., a Professional Corporation, Plaintiff,**

v.

**GENERAL INSURANCE COMPANY OF AMERICA, a corporation, Defendant.**

No. Civ–75–0315–C.

United States District Court, W. D. Oklahoma.

April 12, 1976.

Robert D. Nelon, Andrews, Mosburg, Davis, Elam, Legg & Bixler, Oklahoma City, Okl., for plaintiff.

Byrne A. Bowman, Felix, Bowman, McIntyre & McDivitt, Oklahoma City, Okl., for defendant.

MEMORANDUM OPINION AND ORDER ADJUDGING AFFIDAVITS OF DISQUALIFICATION INSUFFICIENT AND OVERRULING MOTION TO DISQUALIFY

CHANDLER, District Judge.

This action was filed on April 18, 1975, falling by lot to the docket of Judge Luther B. Eubanks. The rules of the Court regarding assignment of new cases provide that they shall be assigned by lot to the Judges of the Court so that no one can ascertain in advance of filing to which Judge the case will be assigned.

In further compliance with the rules of the Court, the action was transferred on *May 13, 1975,* by order of Judge Eubanks to the docket of the undersigned judge. On the same date, notice of the transfer was mailed by the Court Clerk to Byrne A. Bowman, counsel for defendant, who, on *May 16, 1975,* requested and obtained a signed order from the undersigned judge granting the defendant until June 27, 1975 within which to file responsive pleading to the Complaint and Mr. Bowman filed defendant's Answer on said date.

An Affidavit of Bias and Prejudice and a Motion to Disqualify were also filed on June 27, 1975. The motion of defendant sought to vacate Judge Eubanks' order transferring the case to the docket of the undersigned judge. Attached to the motion were the Affidavits of Judge Eubanks and his courtroom deputy court clerk stating that Judge Chandler had *"requested"* that the action be transferred to him because it was a "companion" case to cases over which Judge Chandler already had exclusive jurisdiction, to wit: Civil No. 73–641–C, *Globe Construction Company v. Oklahoma City Housing Authority, et al.,* and Civil No. 73–773–C, *United States of America for the use and benefit of A. J. Statser, d/b/a A & J Electric Co., et al. v. Globe Construction Company, et al.* The affidavits were drawn by Mr. Bowman, counsel for defendant, who undoubtedly obtained the signatures thereto without affiants realizing the grave distinction between *"requesting"* a transfer (a conclusion, not a fact) and suggesting that the case *might be* a companion case and that if Judge Eubanks so concluded, that the undersigned judge would consent to the transfer of the case to his docket.

On June 30, 1975, Mr. Bowman filed a Supplement to the Affidavit of Bias and Prejudice, attaching the Affidavit of John L. Robbins, and on July 15, 1975, Mr. Bow-

man, for the first time, filed a *Certificate of Counsel* which he had failed to attach to the original affidavit and motion as required by 28 U.S.C. § 144.

Thereafter, on September 8, 1975, counsel for defendant filed a Second Supplement to the Affidavit of Bias and Prejudice, attaching thereto transcript of a colloquy between counsel and the Court on August 19, 1975, regarding the transfer of the case to the docket of the undersigned judge.

The facts are that the undersigned judge did not *"request"* Judge Eubanks to transfer the case to his docket nor has he at any time during the more than thirty-two years he has been a judge of the Court ever *requested* any judge of the Court *to do anything,* and *specifically,* he has never requested any judge of the Court to transfer a case to him for *any* reason.

Judge Eubanks' transfer order of May 13, 1975 constituted an official determination and adjudication by him that under the rules of this Court the action was "companion" to cases already pending before the undersigned judge.

Mr. Bowman, to say the very least, imposed upon Judge Eubanks and his courtroom deputy when he induced them to sign the affidavits containing the misleading word *"requested",* when in no sense was any *"request"* for transfer made by the undersigned judge, directly or indirectly, either to Judge Eubanks or to his courtroom deputy clerk. It is implicit in said conduct by Mr. Bowman, a member of the bar of this Court, that he intended to and did imply that the undersigned judge had violated judicial ethics by *seeking* jurisdiction of this action for some "unholy" reason or purpose or that Judge Eubanks was guilty of dereliction of duty in entering the transfer order. This conduct by Mr. Bowman as a member of the bar of the Court was unbecoming and deserves censure.

■ 28 U.S.C. § 144 does not command automatic disqualification. It is the duty of the judge who is allegedly biased to pass on the sufficiency of the affidavit of prejudice. *United States v. Bell,* 351 F.2d 868 (C.A.6

1965), cert. denied, 383 U.S. 947, 84 S.Ct. 1200, 16 L.Ed.2d 210 (1966); *Eisler v. United States,* 83 U.S.App.D.C. 315, 170 F.2d 273 (1948), cert. denied, 388 U.S. 883, 70 S.Ct. 181, 94 L.Ed. 542 (1949); *Broome v. Simon,* 255 F.Supp. 434 (W.D.La.1966). But he is restricted to the determination of the timeliness of the affidavit and its legal sufficiency. *Berger v. United States,* 255 U.S. 22, 41 S.Ct. 340, 65 L.Ed. 481 (1921); *Rosen v. Sugarman,* 357 F.2d 794 (C.A.2 1966).

The motion, affidavits and supplemental affidavits all show on their face that the acts relied upon to show bias and prejudice were acts performed by the undersigned judge in his official capacity in judicial proceedings over which he had exclusive jurisdiction and refer to judicial rulings. There is no showing whatever of any *"personal"* bias or prejudice, as envisaged by the statute, either against said defendant or in favor of any adverse party.

■ The statute, by its terms, requires *"personal"* bias or prejudice. *Davis v. Bd. of School Commr's,* 517 F.2d 1044 (C.A.5 1975), rehearing denied *en banc* 521 F.2d 814, cert. denied 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188; *Parrish v. Bd. of Commr's of State Bar,* 524 F.2d 98 (C.A.5 1975). The courts have been rigorous in requiring a showing of *personal* bias as contrasted with *general* bias or *judicial* bias. 2B *Barron & Holtzoff* (Wright ed.) § 902; *Ferrari v. United States,* 169 F.2d 353 (C.A.9 1948); *In Re Lisman,* 89 F.2d 898 (C.A.2 1937). "Personal" is the significant word of the statute, and an essential attribute of such bias or prejudice is an extrajudicial origin. Disqualification does not arise solely on the basis of a bias or state of mind against wrongdoers acquired from evidence presented in a trial, *Craven v. United States,* 22 F.2d 605, 608 (C.A.1 1927), cert. denied, 276 U.S. 627, 48 S.Ct. 321, 72 L.Ed. 739 (1938), nor from the possession of definite views on the law, *Henry v. Speer,* 201 F. 869, 872 (C.A.5 1913); *Cole v. Loew's Inc.,* 76 F.Supp. 872, 876 (S.D.Cal.1948), reversed on other grounds, 185 F.2d 641 (C.A.9 1950), cert. denied, 340 U.S. 954, 71 S.Ct. 570, 95 L.Ed. 688 (1950), nor is it

directed against an impersonal prejudice which goes to the judge's background and associations or experiences rather than an appraisal of the party personally. *Price v. Johnston,* 125 F.2d 806, 811 (C.A.9 1942), cert. denied, 316 U.S. 677, 62 S.Ct. 1106, 86 L.Ed. 1750, rehearing denied, 316 U.S. 712, 62 S.Ct. 1289, 86 L.Ed. 1777 (further proceedings on other grounds); *Eisler v. United States, supra,* at page 278. *United States v. Gilboy,* 162 F.Supp. 384 (M.D.Pa. 1958). See also, *Davis v. Bd. of School Commr's, supra; Hodgdon v. United States,* 365 F.2d 679 (C.A.8 1966), cert. denied, 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676 (1967). Adverse rulings by a judge are not legal grounds for disqualification [*Martin v. United States,* 285 F.2d 150 (C.A.10 1960), cert. denied, 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816, rehearing denied, 366 U.S. 915, 81 S.Ct. 1058, 6 L.Ed.2d 239]; [*Ex Parte American Steel Barrel Co.,* 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913)].

Expressed more simply, the bias contemplated by the statute is a "personal" bias, extrajudicial in origin, that a judge may have against a particular party. *Lyons v. United States,* 325 F.2d 370 (C.A.9 1963), cert. denied, 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 (1964); *Ferrari v. United States, supra; United States v. Garden Homes, Inc.,* 113 F.Supp. 415 (D.N.H.1953), aff'd 210 F.2d 281 (C.A.1 1954). *Hodgdon v. United States, supra.*

■ An affidavit of bias and prejudice is insufficient if based on prior adverse judicial rulings or conclusions, opinions, and subjective findings. *Barkan v. United States,* 362 F.2d 158 (C.A.7 1966), cert. denied, 385 U.S. 882, 87 S.Ct. 170, 17 L.Ed.2d 109. The disqualification of a judge cannot be predicated on a tentative opinion of the court based on the testimony and papers before it. *United States v. Birrell,* 276 F.Supp. 798 (S.D.N.Y.1967).

To repeat, where the alleged factual basis for the charge of prejudice consists only of acts and conduct occurring in the courtroom constituting rulings upon issues and questions which were part of a judicial proceeding, and where none of the asserted facts

concerned prejudice originating from any extrajudicial source, the affidavit fails to meet the statutory requirements. *Tynan v. United States,* 126 U.S.App.D.C. 206, 376 F.2d 761 (1967), cert. denied, 389 U.S. 845, 88 S.Ct. 95, 19 L.Ed.2d 111.

■ Where affidavits of disqualification are filed under 28 U.S.C. § 144, it is the judge's duty not to sit when he is disqualified. It is equally his duty to sit where there is no valid reason for recusation. *Edwards v. United States,* 334 F.2d 360 (C.A.5 1954), cert. denied, 379 U.S. 1000, 85 S.Ct. 721, 13 L.Ed.2d 702 (1965); *Banco Nacional de Cuba v. Sabbatino,* 307 F.2d 845 (C.A.2 1962), reversed on other grounds, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964).

■ Nor were the motion, affidavit and certificate timely filed. As to timeliness, § 144 requires that the " . . . affidavit . . . be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time . . . ."

But whether the affidavit was filed before the beginning of the term can no longer be the test. In 1963 Congress enacted 28 U.S.C. § 138 which provides that: "The district court shall not hold formal terms." And the rules of this Court provide for a continuous session. *Rule 3, Rules of the United States District Court For The Western District of Oklahoma,* Effective March 15, 1973. The Tenth Circuit has held that a litigant must file his affidavit before participating in proceedings or invoking the affirmative action of the Court, and this appears to be the proper test in this jurisdiction. *Skirvin v. Mesta,* 141 F.2d 668 (C.A.10 1944). The record discloses that defendant failed to meet this deadline.

The purpose of limiting the time for filing of affidavits of bias and prejudice is to prevent their use to obtain last minute postponements of trial or to sample the temper of the court before deciding whether to file the affidavit. *Peckham v. Ronrico Corp.,* 288 F.2d 841 (C.A.1 1961). Nothing is more important in an affidavit of bias or preju-

dice than timeliness, and its counterpart, waiver. *In Re Union Leader Corp.*, 292 F.2d 381, cert. denied, 368 U.S. 927, 82 S.Ct. 361, 7 L.Ed.2d 190 (C.A.1 1961).

In *Eisler v. United States, supra,* it was held that an affidavit filed on May 29 was untimely when the affiant had first learned the identity of the trial judge on May 20, even though affiant's attorney had been interrupted in his work in the meantime by the death of his brother. Where the affiant waited 27 days from the time at which the judge allegedly made unfavorable comment against the petitioner's general counsel, the filing of the affidavit was untimely, even though 15 days of the elapsed period were consumed in obtaining a transcript of the hearing at which the comments allegedly were made. *In Re United Shoe Machinery Corp.*, 276 F.2d 77 (C.A.1 1960). And the filing of a party's affidavit about two months after introduction of testimony during which the affidavit states the judge's bias and prejudice against affiant became apparent was too late. *Scott v. Beams*, 122 F.2d 777 (C.A.10 1941), cert. denied, 315 U.S. 809, 62 S.Ct. 794–95, 799, 86 L.Ed. 1208–1209 (1942), rehearing denied, 315 U.S. 830, 62 S.Ct. 912, 86 L.Ed. 1224.

■ As noted above, defendant was notified on May 13, 1975, of the transfer of the case by Judge Eubanks. On May 16, 1975, counsel for defendant invoked the jurisdiction of the undersigned judge by requesting and obtaining from him a signed order granting an extension of time within which to file responsive pleading until June 27, 1975, on which date he filed a motion and affidavit, but the certificate of good faith by counsel required by 28 U.S.C. § 144 was not filed until July 15, 1975, more than two months after the transfer of the case, during which time all of the facts alleged in the Affidavit and Motion were known to counsel for defendant. No good cause whatever has been or can be pleaded to explain this delay. The filing of the affidavit was, therefore, untimely. To disqualify a judge, timely objection must be made and, if not so made, the objection is waived. *Kramer v. United States*, 166 F.2d 515 (C.A.9 1948); *Laughlin v. United States*, 80 U.S.App.D.C. 101, 151 F.2d 281 (1945), cert. denied, 326 U.S. 777, 66 S.Ct. 265, 90 L.Ed. 470.

■ Only when timeliness and sufficiency are *both* established is disqualification proper. *Hall, et al. v. Burkett, et al.*, 391 F.Supp. 237 (1975). The filing being untimely and the alleged bias and prejudice being based solely upon judicial rulings, conclusions and opinions made in open court, it is the duty of the Court under the law to find said motion, affidavits and certificate insufficient as a matter of law. This action is set for Pretrial on Tuesday, May 18, 1976, at 9:30 A.M.

On this 31st day of March, 1976, IT IS SO ORDERED.