**In re Catherine Duffy PETIT, Debtor.**

**Joseph V. O'DONNELL,
Trustee, Plaintiff,**

**v.**

**Dennis PETIT, Defendant.**

**Joseph V. O'DONNELL,
Trustee, Plaintiff,**

**v.**

**Robert PARADIS, Defendant.**

**Joseph V. O'DONNELL,
Trustee, Plaintiff,**

**v.**

**Sherrie Girard TIMME, Defendant.**

**Bankruptcy No. 93–20821.
Adv. Nos. 95–2063, 95–2066 and 95–2067.**

United States Bankruptcy Court,
D. Maine.

Jan. 15, 1997.

Stephen Gordon, Gordon & Wise, Boston, MA, Zbignieu Kurlanski, Portland, ME, for Debtor.

Stephen G. Morrell, Eaton, Peabody, Bradford & Veague, Brunswick, ME, for Trustee.

Zbignieu Kurlanski, Portland, ME, for Defendants Dennis Petit, Robert Paradis, and Sherrie Girard Timme.

Peter J. Brann, Assistant Attorney General, State of Maine, Augusta, ME.

Joseph S.U. Bodoff, Hinckley, Allen & Snyder, Boston, MA, for Paul Richard.

John S. Campbell, Poulos & Campbell, P.A., Portland, ME, for Poulos & Campbell, P.A.

James F. Molleur, Woodman & Edmands, P.A., Biddeford, ME, for New England Businessman's Assoc.

John G. Connor, Portland, ME, for New England Mortgage Services Co., Inc.

U. Charles Remmel, II, Kelly, Remmel & Zimmerman, Portland, ME, for P & M Associates.

### ORDER DENYING MOTIONS TO DISQUALIFY

ARTHUR N. VOTOLATO, Bankruptcy Judge.*

■ On October 29, 1996, motions for the disqualification of this Judge were filed by the Debtor, Catherine Duffy Petit, and by adversary proceeding defendants Dennis Petit, Robert Paradis, and Sherrie Girard Timme. Briefs in support of disqualification were also filed by Stephen Gordon, Esq., on behalf of the Debtor, and by Joseph Bodoff, Esq., on behalf of Paul Richard.[1] Essentially the Movants complain about a telephone conference hearing initiated by the Court which

---

* Of the District of Rhode Island, sitting by designation.

1. Paul Richard is a friend, business associate, and an alleged creditor of the Debtor, he is the Defendant in a pending adversary proceeding brought by the Trustee, and is the person attempting to purchase all of the assets in this bankruptcy estate. See Am. Application to Compromise Adversary Proceeding and to Sell Assets, Docket # 367, Sept. 24, 1996.

allegedly "casts a cloud of bias and partiality on the Court" and "lends an air of hypocrisy to the proceedings." See Petit's Motion for Disqualification, Docket # 386, at 4.

Oppositions to disqualification have been filed by Joseph O'Donnell, the Chapter 7 Trustee, P & M Associates, Richard Poulos, Esq., New England Businessmen's Association, New England Mortgage Service Company, and the State of Maine Securities Administrator.

The telephone conference call in question, which was recorded in the ordinary course, took place on January 4, 1996,[2] and included Stephen G. Morrell, Esq., counsel for the Trustee, Joseph V. O'Donnell, the successor Chapter 7 Trustee, and Assistant U.S. Trustee, Gerard F. Kelly, Esq. A review of the substance of the conference discloses no reason to grant the relief requested, and which, if granted, would require the designation of yet a fourth bankruptcy judge in the case.[3]

■ Having fully considered the positions of all parties as set forth in their respective pleadings and supporting memoranda, we make the following findings and conclusions: (1) the Motions to Disqualify are untimely;[4] (2) they are only veiled attempts at judge shopping; (3) they are otherwise completely without merit. Accordingly, all of said motions are DENIED. As the basis for, and in support of the foregoing findings and conclusions, we adopt and incorporate herein by reference the arguments of each of the objectors to the various motions to disqualify. See Objection of Petitioning Creditor New England Mortgage Services Co., Docket # 403,; Opposition Brief of Interested Party State of Maine Attorney General, Docket # 404; Memorandum of Creditor P & M Associates, Inc. In Opposition, Docket # 407; Response of Trustee Joseph V. O'Donnell, Docket # 408; Brief/Memorandum of Richard E. Poulos in Opposition, Docket # 409; Response of New England

Businessman's Association, Docket # 410. Conversely, the arguments of the Movants, and those in support of the motion are rejected. See Response of Creditor Paul Richard, Docket # 405; Brief/Memorandum of Debtor Catherine Duffy Petit in Support, Docket # 406. Satisfied with the correctness of these rulings, and assuming that the Movants, as they are bound to do, have presented to this Court all of their arguments, we rule that any motions for stay pending appeal would be, and are DENIED. This should expedite the appellate process for aggrieved parties, who are now free to submit their requests for stay pending appeal directly to the District Court. See Fed.R.Bankr.P. 8005.

In addition, while this matter has been under consideration the following motions were also filed: (1) Dennis Petit, Robert Paradis, and Sherrie Timme's Motion to Strike Maine's Objection to the Motion for Disqualification of the Bankruptcy Judge; (2) Maine's Motion to Intervene or to Participate as *Amicus Curiae*; (3) Maine's supplemental brief in support of its request for sanctions; and (4) Paul Richard's objection to Maine's Motion to Intervene or to Participate as *Amicus Curiae.* As for these most recent pleadings, we agree with and adopt the arguments of the State of Maine as set forth in its Motion to Intervene or to Participate as *Amicus Curiae.* See Docket # 412. Accordingly: (1) the Motion to Strike Maine's Objection is DENIED; (2) Maine's Motion to intervene is GRANTED.

■ Finally, the State of Maine and New England Businessman's Association ask for sanctions against the Movants and their attorney under Fed.R.Bankr.P. 9011, on the ground that the motion lacks any legal or factual foundation. Maine argues that "[o]f the nine cases cited by Petit, only seven dealt with the issue of whether or not a judge should have recused himself. Of those seven

---

**2.** On January 18, 1996, less than two weeks later, a transcript of the conference was ordered by the Debtor's law firm, Gordon & Wise, and it was in the possession of Gordon & Wise at least as early as February 6, 1996. See Appeal Designation, Docket # 319.

**3.** See Order dated July 7, 1993 (Docket # 7) Recusing Bankruptcy Judge James Goodman; Order dated Oct. 20, 1993 (Docket # 29) Recusing Bankruptcy Judge James Haines.

**4.** *See United States v. Kelly,* 519 F.Supp. 1029, 1050 (D.Mass.1981); *In re United Shoe Machinery Corp.,* 276 F.2d 77, 79 (1st Cir.1960).

cases, six of them concluded that recusal was unnecessary and inappropriate, generally for reasons that are, if anything, more apt in this case." The facts of the only remaining case were not even remotely similar to the instant case. More importantly, as Maine points out, Movants have neglected to cite controlling decisions of the United States Supreme Court and the First Circuit Court of Appeals dealing with recusal. *See Liteky v. United States,* 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *United States v. Cowden,* 545 F.2d 257, 265 (1st Cir.1976), *cert. denied,* 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1977); *Town of Norfolk v. United States Army Corps of Engineers,* 968 F.2d 1438, 1460 (1st Cir.1992); *United States v. Martorano,* 620 F.2d 912, 919 (1st Cir.), *cert. denied,* 449 U.S. 952, 101 S.Ct. 356, 66 L.Ed.2d 216 (1980); *United States v. Mirkin,* 649 F.2d 78, 82 (1st Cir.1981); *In re Casco Bay Lines, Inc.,* 17 B.R. 946, 952–53 (Bankr. 1st Cir.1982).

■ Federal Rule of Bankruptcy Procedure 9011 states in part that:

The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay, or needless increase in the cost of litigation or administration of the case.

We agree with the State of Maine and New England Businessman's Association that the Motion for Disqualification was filed in violation of Rule 9011 because, based on the record, it is neither well grounded in fact nor warranted by existing law. The blatant timing of the motion, on the eve of an evidentiary hearing concerning allegations by the Maine Attorney General of wrongdoing by Petit and "Affiliated Parties," renders the motions to disqualify suspect, from the outset. "The law is well settled that one seeking the disqualification of the judge must do

so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification." *See United States v. Kelly,* 519 F.Supp. 1029, 1050 (D.Mass.1981). "[A] Party knowing of the ground for requesting disqualification cannot be permitted to wait and decide whether he likes the subsequent treatment that he receives." *In re United Shoe Machinery Corp.,* 276 F.2d 77, 79 (1st Cir.1960). Here, the information on which the motions to disqualify are premised was known to the Movants for nine months prior to filing said motions, and clearly were not filed "at the earliest opportunity," *Ricci v. Key Bancshares,* 111 F.R.D. 369, 377 (D.Me. 1986). The Movants' strategy herein epitomizes the gamesmanship, judge-shopping, and sandbagging which the First Circuit has condemned. *See In re Cargill, Inc.,* 66 F.3d 1256, 1263–64 (1st Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1545, 134 L.Ed.2d 648 (1996).

■ Having found a violation of Rule 9011, the imposition of sanctions is mandatory. *See In re Remington Dev. Group, Inc.,* 168 B.R. 11, 17 (Bankr.D.R.I.1994). Proceeding conservatively and not punitively, the sanction in this case will be measured and quantified by the "expense, including attorney's fees, resulting from the improper motion, viz., opposing it and arguing what the sanctions should be, and disbursements." *Ricci,* 111 F.R.D. at 378. Using this objective standard, the Movants and their attorney are jointly and severally ORDERED to pay, as compensatory sanctions, the reasonable attorneys' fees and expenses of all of the Objectors to the Motion to Disqualify. The Objectors have twenty (20) days to file detailed breakdowns of their fees and expenses incurred in responding to the Motions to Disqualify, and the Movants have twenty (20) days thereafter to pay the sanction. If the parties disagree as to the reasonableness of the requests, the Court will schedule a hearing.