Richard Max **STRAHAN**, Plaintiff,

v.

Daniel **HOLMES**, Defendant.

Civil Action No. 07–10359–NMG.

United States District Court,
D. Massachusetts.

Feb. 9, 2010.

Richard Max Strahan, Boston, MA, pro se.

Steven S. Broadley, Posternak, Blankstein & Lund, Boston, MA, for Defendant.

## ORDER

GORTON, District Judge.

In December, 2008, the Court presided over a bench trial to resolve a dispute between *pro se* plaintiff Richard Max Strahan ("Strahan") and defendant Daniel Holmes ("Holmes"), a commercial lobster fisherman, with respect to the entanglement of a humpback whale. Strahan, who is now pursuing an appeal of this Court's ruling in that case to the United States Court of Appeals for the First Circuit, has requested the trial transcript at government expense and an award of costs against the defendant. He has also re-

quested, at this belated hour, that the presiding judicial officer recuse himself on grounds of alleged bias.

## I. *Background*

In February, 2007, Strahan brought suit against Holmes for entangling an endangered humpback whale in Holmes' fishing gear in violation of the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.* The Court conducted a four-day bench trial in December, 2008, and published its Memorandum of Decision in January, 2009. The Court found that Holmes committed a taking of a humpback whale in violation of 16 U.S.C. § 1538(a)(1)(B). The Court did not, however, enter the requested injunction against Holmes because it concluded that 1) there was virtually no risk of any future irreparable harm to humpback whales and 2) the hardship that would be imposed upon Holmes by an injunction, i.e., being prevented from pursuing his livelihood, far outweighed the remote possibility of such harm resulting from the deployment of his fishing gear.

On February 3, 2009, Strahan filed a timely notice of appeal to the United States Court of Appeals for the First Circuit, accompanied by a motion that the government be directed to pay for the production of a trial transcript. His motion was opposed by the defendant and denied by this Court in an electronic order dated June 24, 2009. Undeterred by that denial, Strahan has filed a second motion requesting such relief, but this time he also seeks an award of costs from the defendant and the recusal of the presiding judicial officer. Each of the pending motions is discussed briefly below.

## II. *Analysis*

### A. Plaintiff's Motions for Costs for Trial Transcript

A request for a trial transcript at government expense in a civil case is governed by 28 U.S.C. § 753(f). Under that provision, an appellant proceeding on appeal *in forma pauperis* is entitled to a transcript at government expense if the trial judge certifies that the appeal is "not frivolous" and that the transcript is needed to resolve the issue presented by the appeal.

Strahan was granted leave to proceed *in forma pauperis* in February, 2007, shortly after he filed his complaint in this Court. Pursuant to Fed. R.App. P. 24(a)(3), he may proceed on appeal *in forma pauperis* without the prior permission of the Court of Appeals ("A party who was permitted to proceed in forma pauperis in the district-court action ... may proceed on appeal in forma pauperis without further authorization.") Although Strahan does not elaborate as to why he is entitled to a free transcript, he explains that he is indigent and that the action is "of the highest concern to the Public Interest and the preservation of natural resources." The Court is advised that the cost of the trial transcript will be approximately $1,800, a very significant expense for an indigent litigant. Given that Strahan is proceeding *in forma pauperis* and quite apparently cannot afford to pay for the transcript himself, and further because his appeal is not frivolous, the Court will allow his motion for a transcript at government expense.

### B. Plaintiff's Motion for Costs under the Cost–Shifting Provision of the Endangered Species Act

Strahan has also moved for an award of costs from the defendant under the fee-shifting provision of the ESA, which authorizes the Court to

award costs of litigation (including reasonable attorney and expert witness

fees) to any party, whenever [it] determines such award is appropriate.

16 U.S.C. 1540(g)(4). Strahan requests an award of $2,500 to cover the "costs of going to trial" and procuring a trial transcript. With the exception of the cost of the trial transcript (for which he will now be reimbursed), Strahan fails, however, to specify any expenses he incurred in litigating his case. The Court presumes, therefore, that Strahan's request for "costs" is an alternative to his motion to be provided with a transcript and/or a motion for attorney's fees.

As a general rule, *pro se* litigants are not entitled to attorney's fees. *See, e.g., Giannetta v. Boucher,* No. 92–1488, 1992 WL 379416, at *7 (1st Cir. Dec. 22, 1992); *Crooker v. U.S. Dep't of Justice,* 632 F.2d 916, 920–22 (1st Cir.1980). Moreover, Strahan has cited no authority (nor has this Court found any) indicating that the ESA mandates otherwise. Accordingly, Strahan's motion for costs will be denied.

### C. Plaintiff's Motion for Recusal

Finally, Strahan has filed a motion for recusal in which he claims that the presiding judicial officer's "intimate" involvement with the Massachusetts fishing industry is evidence of his bias in favor of the defendant, a commercial lobster fisherman.

Strahan's motion is untimely as well as factually misinformed. Under 28 U.S.C. § 144, a party must file a recusal motion "not less than ten days before the beginning of the term at which the proceeding is to be heard." Strahan's motion, filed almost two years after the case was assigned to this session and more than one year after the Court entered its final judgment, is far too late to be seriously considered. Strahan cannot wait until the Court issues its Memorandum of Decision and then file a recusal motion because he does

not like the outcome. *See In re United Shoe Machinery Corp.,* 276 F.2d 77, 79 (1st Cir.1960) ("We cannot permit a litigant to test the mind of a trial judge like a boy testing the temperature of the water in the pool with his toe, and if found to his liking, decides to take a plunge").

### ORDER

In accordance with the foregoing, Plaintiff's motion for a trial transcript at government expense (Docket No. 154) is **ALLOWED,** but his motions for costs to be paid by the defendant (Docket No. 155) and for recusal of the presiding judicial officer (Docket No. 156) are both **DENIED.**

**So ordered.**